60133. PRUDENTIAL TIMBER & FARM COMPANY et al. v. COLLINS.

BANKE, Judge.

The facts of this case are set out in *Prudential Timber &c. Co. v. Collins,* 144 Ga. App. 849 (243 SE2d 80) (1978), wherein this court affirmed a judgment for damages awarded to appellee in a suit involving an option contract on a large tract of land. The case is again before us upon appeal from the denial of appellant's motion to set aside the judgment for a non-amendable defect appearing on the face of the record. Code Ann. § 81A-160 (d). Appellant also appeals the denial of his alternative motion for a new trial. Code Ann. § 81A-160 (c).

Appellant's primary contention is that the contract upon which the judgment rests was based on illegal consideration. In the alternative motion, his contention is that the damages awarded were based on the perjured testimony of the appellee concerning the value of the land. *Held:*

1. A motion to set aside must be based upon a non-amendable defect appearing on the face of the record or pleadings. See *Lamas v. Baldwin,* 128 Ga. App. 715 (197 SE2d 779) (1973). Illegality represents an affirmative defense which must be pleaded. See Code Ann. § 81A-108 (c). No such issue is suggested by the appellant's answer or the pre-trial order in the case. There is testimony in the transcript which supports the appellant's contention that the contract was illegal; however, no such conclusion is required by the evidence. In any event, since the matter is one "developed by the evidence" rather than one appearing upon the face of the record or pleadings, it does not fall "within the orbit of Code Ann. § 81A-160." *Miller v. Miller,* 230 Ga. 777, 778 (199 SE2d 241) (1973). It was not error to deny the motion to set aside.

2. Appellant's motion for a new trial was based upon the

contention that the appellee perjured himself in the original trial regarding the value of the property involved. Appellant has submitted no evidence that appellee has been convicted or even charged with perjury. In fact the evidence submitted by appellant at the hearing on his motion does not suggest perjury at all. The matter was one properly "within the discretion of the trial court, whose judgment will not be interfered with unless that discretion has been manifestly abused." *Windsor Forest, Inc. v. Rocker,* 121 Ga. App. 773, 774 (175 SE2d 65) (1970). This enumeration of error is likewise without merit.

3. Appellee's motion for 10 percent damages for a frivolous appeal is denied.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED JUNE 6, 1980 — DECIDED JULY 16, 1980 —
REHEARING DENIED JULY 31, 1980.

*Mark Alan Kelley, Pitts Carr,* for appellants.
*Glenville Haldi,* for appellee.