## 67999. WILLIAMS v. DYKES et al.

BIRDSONG, Judge.

Sidney Williams was found guilty of possession of cocaine and sentenced to serve ten years. Williams now contends that an eyewitness police stakeout was in such a position that the witness could not have seen what he testified he saw. Williams contends that a statement on file with federal authorities by that stakeout witness differs in material content with the in-court testimony.

Subsequent to his conviction, Williams brought a civil suit against the arresting detective (the stakeout), the District Attorney of Richmond County, his trial defense attorney, all the members of the Richmond County Commission, the members of the City Council of Augusta, the Chief of Police, the Mayor of Augusta and the Collector of Revenue. As amended the suit seeks $45,000 as damages for lost income because of the period of incarceration. The grounds of the civil suit are that the jury was denied a view so as to test the ability of the detective to see the crime in execution; the eyewitness was unable to see the crime; the police failed to let Williams know he was being pursued so he could dispose of the contraband; the inadequate preparation by defense counsel resulted in the failure to show the inability

of the officer to see the crime being committed; the county commission failed to use its financial and governing powers to insure that Williams received due process of law; the failure of law enforcement authorities to insure truthful testimony by one of its own; and defense counsel, in spite of knowing the facts, "sold Williams down the river."

As amended, appellant's petition additionally sought an order to investigate the circumstances of the arrest and conviction, to grant such relief as might be necessitated by the investigation, and to inquire into the alleged perjured testimony by the eyewitness. A motion to discover the statement of the eyewitness and to subpoena witnesses for a hearing on a motion to dismiss the complaint for failure to state a cause of action was denied. At a hearing on the latter motion, the trial court granted the motion to dismiss to all defendants. It is that dismissal that forms the basis of this pro se appeal. *Held*:

There was no error in the dismissal by the trial court. In essence, all grounds of this civil suit relate back and seek damages based upon the alleged perjured testimony. A witness in a criminal trial is entitled to immunity from liability in a civil rights action based upon his trial testimony. Charles v. Wade, 665 F2d 661, 665 (5th Cir. 1982). If there is no civil liability as to the perjurer likewise such liability cannot be vicariously imputed to those persons directly or indirectly involved in the governing process because of their law enforcement responsibilities. We are not here confronted with a legal malpractice suit.

"A police officer on the witness stand performs the same functions as any other witness; he is subject to compulsory process, takes an oath, responds to questions on direct examination, and may be prosecuted subsequently for perjury. Moreover, to the extent that traditional reasons for witness immunity are less applicable to governmental witnesses, other considerations of public policy support absolute immunity more emphatically for such persons than for ordinary witnesses. Subjecting government officials, such as police officers, to damages liability under [42 USC] § 1983 for their testimony might undermine not only their contributions to the judicial process but also the effective performance of their other public duties." Briscoe v. LaHue, __ U. S. __ (103 SC 1108, 75 LE2d 96, 112).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED APRIL 6, 1984.

Sidney Williams, *pro se.*

*Robert C. Daniel, Jr., Sam B. Sibley, Jr., District Attorney,* for appellees.