68862. CRONIC v. STATE OF GEORGIA et al.
(324 SE2d 533)

McMURRAY, Chief Judge.

On January 3, 1984, "W. H. CRONIC, a deceased person by and through HARRISON P. CRONIC, his son and an heir-at-law in the estate of W. H. CRONIC," filed in the Superior Court of Hall County a "MOTION AND BRIEF TO CANCEL JUDGMENTS UPON THE RECORD" against 15 named defendants. In his motion, Harrison P. Cronic alleged that "[a]ll defendants named herein have failed to renew their judgments against W. H. Cronic, deceased, in a manner which would make them due and collectible in December, 1983"; that "[b]ecause of this failure to renew said judgments, the defendants named herein are precluded, as a matter of law, from enforcing their judgments"; and that, as such, "the Plaintiff herein, W. H. Cronic,

deceased, is entitled, as a matter of law, to the cancellation upon the record of the judgments obtained by the defendants named herein . . ."

Subsequently, on February 27, 1984, Harrison P. Cronic filed a "SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO CANCEL JUDGMENTS UPON THE RECORD." In the supplemental brief, Harrison P. Cronic argues that "the Plaintiff herein is entitled to the relief sought, and all judgments should be cancelled upon the record" because either "ten years have elapsed from the date the judgment was entered upon the record with no subsequent renewal upon the General Execution Docket" or because "no objections were filed [subsequent to service] within the required period of time as required by O.C.G.A. § 9-11-12; O.C.G.A. § 9-11-55 (A)."

On March 12, 1984, the Superior Court issued its order in the case sub judice. In denying Harrison P. Cronic's "MOTION AND BRIEF TO CANCEL JUDGMENTS UPON THE RECORD," the court stated that it "finds no authority in law to support a cause of action to 'cancel' a dormant judgment" and as such, dismissed the action.

On March 26, 1984, Harrison P. Cronic filed a notice of appeal from the above order. Thereafter, on April 5, 1984, Harrison P. Cronic dismissed with prejudice nine of the named defendants, and on June 13, 1984, filed a "MOTION AND BRIEF TO DISMISS [without prejudice] APPEAL" as to two more of the named defendants. *Held*:

1. Pretermitting an issue as to the standing of Harrison P. Cronic to initiate an action on behalf of his deceased father, we address his sole enumeration of error in which he contends that the trial court erred in holding that it had no authority in law to cancel the present judgments upon the record. Specifically, he argues that since the right to revive the judgments in question had been "finally barred by the statute of limitations" (see *Johnson v. Huggins*, 7 Ga. App. 553 (2) (67 SE 217) and also OCGA § 9-12-61 (formerly Code §§ 110-1002, 110-1003)), it was within the court's authority under OCGA § 15-6-9 (4) (formerly Code § 24-2616 (3)) to cancel these judgments from the record. We disagree.

In *Henry v. Adair Realty Co.*, 141 Ga. App. 182, 184 (3) (233 SE2d 39), this court held that "Code Ann. § 81A-160 [now OCGA § 9-11-60] specifies the manner in which a judgment may be attacked. The means prescribed therein are exclusive. [Cit.]" In this regard, we note that OCGA § 9-11-60 (a) and (g) allow collateral attacks on judgments in only two instances: (1) where the judgment is void on its face or (2) where the judgment or other parts of the record contain a clerical mistake or error. "In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose

in one of the methods prescribed in this Code section [i.e., by a motion for new trial (OCGA § 9-11-60 (c)) or by a motion to set aside (OCGA § 9-11-60 (d)) or by a complaint in equity (OCGA § 9-11-60 (e))]." OCGA § 9-11-60 (a).

In *Wasden v. Rusco Industries*, 233 Ga. 439, 444 (211 SE2d 733), the Supreme Court held that "a judgment is void on its face when there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed." Here, there is no evidence in the record to show that the judgments in question are either void on their face or contain a clerical mistake or error. Therefore, movant's only possible relief from the judgments would be by direct attack pursuant to OCGA § 9-11-60. However, OCGA § 9-11-60 (f) provides, in pertinent part, that "[m]otions for new trial must be brought within the time prescribed by law. *In all other instances, all motions, complaints, or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of.*" (Emphasis supplied.) As the present motion attacking the judgments was brought more than three years from the entry of the judgments complained of, the movant can get no relief from the judgments in question pursuant to OCGA § 9-11-60. And as OCGA § 9-11-60 provides the exclusive means of relief from judgments under Georgia law (see *Henry v. Adair Realty Co.*, 141 Ga. App. 182, supra), the trial court correctly held that it had no authority in law to cancel the judgments in question.

2. We cannot construe this motion styled as a "MOTION AND BRIEF TO CANCEL JUDGMENTS UPON THE RECORD" as a declaratory judgment action (see *Poole v. City of Atlanta*, 117 Ga. App. 432, 433 (2)-435 (160 SE2d 874)), and we, therefore, form no opinion as to whether such an action would lie in this case.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 20, 1984.

Harrison P. Cronic, *pro se.*
Susan Cohen, for appellees.