## 72187. SHEPHERD v. EPPS.
(347 SE2d 289)

CARLEY, Judge.
Appellant instituted the instant tort action, seeking damages

based upon appellee's alleged commission of perjury while he was a witness in an earlier civil action wherein appellant was the losing party. See *Shepherd v. Shepherd,* 233 Ga. 228 (210 SE2d 731) (1974). Appellant contended that the alleged perjury resulted in the adverse decision in the previous action and that, therefore, appellee had caused him damages. The trial court granted appellee's motion for summary judgment, from which order appellant now appeals.

1. The Georgia courts have apparently never dealt with the question of the viability of a claim for damages based upon the alleged commission of perjury in a previous civil action. Compare *Williams v. Dykes,* 170 Ga. App. 665 (317 SE2d 661) (1984). However, the rule in those jurisdictions which have addressed the issue is that such an action will not lie against either the previous party or a witness in the previous suit. See generally Annot., 54 ALR2d 1298 (1957); 60 Am Jur2d, Perjury, § 74, p. 1012. The reasons advanced for this rule are persuasive. " 'The authorities . . . rest upon two grounds: (1) There [is] no precedent for such action . . . (2) It "would overhale," . . . the decision of the former case to which the plaintiff in the new action had been a party. We think there is a third reason, in that it would multiply and extend litigation if the matter could be re-examined by a new action between a party to the action and a witness therein; and, more than that, witnesses would be intimidated if their testimony is given under liability of themselves being subjected to the expense and annoyance of being sued by any party to the action to whom their testimony might not be agreeable. It would give great leverage to litigants to intimidate witnesses.' " *Brewer v. Car. Coach Co.,* 116 SE2d 725, 727-728 (N. C. 1960).

In addition to being predicated upon persuasive reasons, this rule recognized in other jurisdictions is otherwise entirely consistent with the existing provisions of Georgia law. An action for damages based upon alleged perjury is in the nature of a collateral attack on the previous judgment. Under Georgia law, unless a judgment is void on its face, it may not be attacked collaterally. OCGA § 9-11-60 (a); *Long v. Long,* 117 Ga. App. 606 (2b) (161 SE2d 417) (1968). Since alleged perjury in a previous case would not render the judgment therein void on its face, it necessarily follows that that judgment should be subject only to a direct rather than a collateral attack. See generally *Windsor Forest, Inc. v. Rocker,* 121 Ga. App. 773 (175 SE2d 65) (1970); *Prudential Timber &c. Co. v. Collins,* 155 Ga. App. 492 (271 SE2d 43) (1980).

Accordingly, we find that the rule followed in other jurisdictions is a sound one, and we hereby expressly adopt it as the rule which will be followed in Georgia. Where a judgment has allegedly been infected by perjury, the remedy is the institution of a direct attack upon that judgment and not a civil action against the alleged perjurer. Thus,

appellant has no viable claim and the trial court's grant of summary judgment was not erroneous.

2. Our holding in Division 1 renders appellant's remaining enumeration of error moot.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 18, 1986 —
REHEARING DENIED JULY 8, 1986 — 

*Joseph Weinberg*, for appellant.
*William D. Smith*, for appellee.