A93A0989. ZEPP v. TOPOREK et al.
A93A0990. TOPOREK v. ZEPP.
A93A0991. ALLSTATE INSURANCE COMPANY v. ZEPP.
(438 SE2d 636)

BIRDSONG, Presiding Judge.

Amy Marie Zepp appeals from the trial court's order dismissing her complaint. Julian H. Toporek and Allstate Insurance Company have filed cross-appeals challenging other rulings by the trial court.

The appeal and cross-appeals arise from a settlement of a minor's claim for personal injuries reached over 20 years ago. After Amy Zepp was injured by a Sears delivery truck in Michigan in May 1972, a $75,000 settlement was negotiated with Sears' insurer, Allstate Insurance Company. This settlement represented $21,000 payable to the parents for medical expenses and loss of Amy's services and $54,000 for Amy's injuries.

Because Amy was a minor, Allstate retained Toporek to submit the settlement of her claim to the court of ordinary for approval. In the proceedings, Amy's father was appointed Amy's guardian and ultimately the court approved the settlement. Amy Zepp now maintains that Toporek's actions were improper because he represented both Allstate and the Zepps in this matter, and knowingly encouraged the Zepps to settle for an inadequate amount.

The settlement was deemed adequate apparently until Amy Zepp was 21 years old and was advised that because of her childhood injuries she could not have children unless she underwent a serious operation. This information allegedly caused her to believe that the settlement of her claim was inadequate and that the inadequate settlement resulted from Toporek's representation of both parties in the settlement.

Thereafter, she filed suit in Chatham County against Toporek and Allstate asserting claims based upon fraud, breach of fiduciary duty, and legal malpractice. Zepp, however, dismissed this complaint, and later refiled the complaint against both defendants in the Superior Court of Fulton County. The defendants moved to dismiss the complaint and, although the trial court denied defendants' motions to dismiss based on venue, jurisdiction over the person, subject matter jurisdiction, and failure to state a claim upon which relief can be granted for claims sounding in tort, the trial court granted their motions on claims based on contract because Amy Zepp was not privy to any of the contracts and any claims based on her reliance on other parties' performance of the contracts would sound in tort, not contract. The trial court also found that Amy Zepp lacked standing to bring a breach of contract action because the terms of the contract were performed fully, and that she could not assert a failure of consideration because a substantial sum was paid. The trial court further

found that any claim for breach of fiduciary duty was a tort action.

The trial court then found that all of Amy's tort claims were for damages based upon personal injuries since she sought the damages she would have received but for the conduct of Toporek and Allstate. Hence, the court found the two-year statute of limitation for personal injury actions applied, and since Amy did not bring the claims within two years of her eighteenth birthday, the trial court found all the tort claims were time-barred.

Notwithstanding the dismissal of the action, both Toporek (Case No. A93A0990) and Allstate (Case No. A93A0991) have filed cross-appeals contending the trial court erred by denying their motions based upon subject matter jurisdiction and the three-year statute of limitation in OCGA § 9-11-60. *Held*:

1. As certain issues raised in the cross-appeals challenge the trial court's jurisdiction over the subject matter, we must first consider those issues because the judgment of the trial court would be void if the cross-appellants are correct. Contrary to the contentions of the cross-appellants, however, if we find the trial court was without subject matter jurisdiction, we cannot merely affirm the trial court under the right-for-any-reason rule, i.e., correct decisions of a trial court will not be reversed, regardless of the reasons stated. If the trial court was without subject matter jurisdiction, any judgment rendered was void, and the cross-appellants cannot waive the lack of subject matter jurisdiction. OCGA § 15-1-2; *Langston v. Nash*, 192 Ga. 427, 429 (15 SE2d 481).

(a) Both cross-appellants contend that Amy Zepp's complaint is merely an unauthorized collateral attack on the judgment of the Chatham Court of Ordinary, that any effort to set aside that judgment under our law must be brought in the court of rendition; that, in any event, the complaint was not brought within the time prescribed in OCGA § 9-11-60 (f); and, further, that Zepp must first set aside the court of ordinary's judgment before this action can be maintained.

## Case No. A93A0991

(b) As to Allstate, these contentions have merit. Zepp's claim against Allstate is an effort to increase the amount she received for her injuries caused by Sears' driver in 1972. Thus, the claims against Allstate seek to recover from the opposing parties' insurance company a sum greater than that which was approved by the court of ordinary's judgment.

Consequently, as to Allstate, the trial court erred by denying Allstate's motion to dismiss the complaint because this action is an unauthorized collateral attack on the judgment of the court of ordinary

approving the settlement between the Zepps and Allstate's insureds. See *Matthews Group & Assoc. v. Wages*, 180 Ga. App. 151, 152-153 (348 SE2d 695); *Shepherd v. Epps*, 179 Ga. App. 685, 686 (347 SE2d 289). Under our law, a judgment not void on its face is subject to attack only by a direct proceeding in the court in which it was rendered. OCGA § 9-11-60 (a), (b). Moreover, other than by direct appeal, OCGA § 9-11-60 is the exclusive means for obtaining relief from judgments. *Cronic v. State of Ga.*, 172 Ga. App. 675, 677 (324 SE2d 533); *Henry v. Adair Realty Co.*, 141 Ga. App. 182, 184 (233 SE2d 39). If one is dissatisfied with a judgment one does not merely file a new action against the other party or his counsel. Instead, one must attack the prior judgment directly. *Matthews Group*, supra; *Shepherd*, supra.

Therefore, Zepp was not authorized to maintain this action against Allstate in the Superior Court of Fulton County, and, moreover, as OCGA § 9-11-60 (f) provides that such challenges must be brought within three years of the date of the judgment to be attacked, any action against Allstate would be time-barred.

Even though the three-year period did not begin to run until Zepp reached the age of majority (OCGA § 9-3-90), she reached that age on February 17, 1988, her eighteenth birthday. OCGA § 39-1-1 (a). As the present action was not filed within three years of that date, it was untimely. Further, though the complaint alleges that Allstate committed fraud, the statute of limitation was not tolled because Zepp did not allege that such fraud deterred or debarred Zepp from bringing the action. *Arnall, Golden & Gregory v. Health Svc. Centers*, 197 Ga. App. 791, 793 (399 SE2d 565). Accordingly, the trial court erred by denying Allstate's motion to dismiss the complaint on these grounds. *Cronic v. State*, supra.

(c) Because of our disposition in Division 1 (b), Allstate's remaining enumeration of error in its cross-appeal is moot. *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241); *Merrill v. Eiberger*, 198 Ga. App. 806 (403 SE2d 91).

## Case No. A93A0990

(d) As to Toporek, however, his arguments based upon the application of OCGA § 9-11-60 are without merit. These are not claims against the opposing party, counsel for that party, or opposing witnesses. Compare *Shepherd v. Epps*, supra. Instead, the claims against Toporek allege that by serving as Zepp's attorney and Allstate's attorney, Toporek had an inherent, actual conflict of interest; by acting contrary to Zepp's interests he violated his professional obligations to her. Although Zepp contends Toporek's actions resulted in an inadequate settlement for her, she does not contend the earlier judgment

was improperly entered and by claiming against her attorney she does not seek recovery from the former opposing parties.

While Toporek may have been retained initially by Allstate, the record shows he also served as Zepp's attorney. Toporek signed the application for approval by the court of ordinary as attorney for the petitioner/guardian and in the petition he represented that the settlement was advantageous and in Zepp's best interest. Thus, it is apparent that Zepp's claims arise from Toporek's service as her attorney.

While Zepp's claims may fail for some other reason, it is not the law in this state that clients seeking to sue their attorneys for malpractice or misconduct which resulted in an adverse or unacceptable judgment must first set aside that judgment before proceeding against their attorneys. Further, as Toporek was not a party to the court of ordinary's judgment and the judgment did not approve a settlement between Zepp and Toporek, he cannot assert the prior judgment as a bar to this action. *Boozer v. Higdon*, 252 Ga. 276 (313 SE2d 100); *Blakely v. Couch*, 129 Ga. App. 625 (200 SE2d 493); *Roberts v. Hill*, 81 Ga. App. 185, 186 (58 SE2d 465). Consequently, as to Toporek, OCGA § 9-11-60 does not control these proceedings so as to require a direct action to set aside the former proceedings.

(e) However, since Toporek is not a resident of Fulton County, jurisdiction and venue in that county were dependent upon jurisdiction over Allstate as a joint tortfeasor with Toporek. See Art. VI, Sec. II, Par. IV, Ga. Const. 1983. Since we have found that the trial court improperly denied Allstate's motion to dismiss, Allstate is not a proper party to this action and cannot be liable as a joint tortfeasor. Consequently, the trial court erred by denying Toporek's motions based upon improper venue and lack of personal jurisdiction because Fulton County is no longer the proper venue for this action. *Stroud v. Doolittle*, 213 Ga. 32, 38 (96 SE2d 876). Therefore, the denial of Toporek's motion on these grounds must be reversed. This action must be brought against him in the county of his residence. Art. VI, Sec. II, Par. VI, Ga. Const. 1983. Accordingly, the trial court should have transferred the action to the Superior Court of Chatham County in accordance with Uniform Superior Court Rule 19. *Brown v. Coastal Emergency Svcs.*, 181 Ga. App. 893, 898 (354 SE2d 632); *Long v. Bruner*, 171 Ga. App. 124, 125 (318 SE2d 818).

## Case No. A93A0989

2. More significantly, however, since the Fulton County trial court was no longer the proper venue for Toporek, the trial court was without jurisdiction to rule on Toporek's other motions, and specifically his motion to dismiss for failure to state a claim. *Brown v. Coastal Emergency Svcs.*, supra. Therefore, the trial court's judgment

dismissing the action against Toporek for failure to state a claim upon which relief can be granted is vacated and the trial court is directed to transfer the case to the proper venue.

*Judgments reversed in Case Nos. A93A0990 and A93A0991 and judgment vacated with direction in Case No. A93A0989. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 4, 1993 —
RECONSIDERATION DENIED DECEMBER 1, 1993 — 

*Middleton & Mixon, Richard H. Middleton, Jr., Lynda G. Wilson,* for Zepp.

*Long, Weinberg, Ansley & Wheeler, Earl W. Gunn, Margie M. Eget, Mills & Moraitakis, Glenn E. Kushel,* for Toporek.

*Alston & Bird, Ronald L. Reid, Richard T. Fulton, Daniel A. Kent,* for Allstate.