A96A1144. DEAN v. SCHREEDER, WHEELER & FLINT et al.
(474 SE2d 648)

BIRDSONG, Presiding Judge.

This is an appeal from the order of the Fulton County Superior Court in Case No. E38185 dismissing appellant's conspiracy claim with prejudice as to appellee/defendants' law firm, Schreeder, Wheeler & Flint (SWF) and Clerk of the Superior Court of Clayton County, Linda Miller f/k/a Linda Moore, on the grounds the complaint failed to state a claim upon which relief can be granted and on grounds of res judicata.

This series of litigation resulted, subsequent to February 25,

---

1993, when appellant purchased a used "as is" trailer, which was located on a rental lot in a mobile home park, from R.O.C. Properties, Inc. (ROC), the client of appellee law firm, SWF. Appellant took possession of the mobile home but refused either to pay lot rent or to remove his home from the lot. Appellant filed his first lawsuit, Case No. 93-CV-141-2, on March 18, 1993, against ROC, the Riverdale Police, the Clayton County Sheriff and the Atlanta Journal & Constitution. Appellant alleged ROC defrauded him into believing that he was also buying the mobile home lot and prayed the trial court to declare him the lot owner. ROC, which was represented by Debra Wilson, an attorney in the firm of SWF, counterclaimed for a writ of possession and damages for unpaid rent. Ms. Wilson thereafter represented ROC and SWF in each of appellant's subsequent suits against them. On November 18, 1993, appellant filed a notice of appeal of an oral decision made in chambers by Chief Judge Ison, though the court had not yet issued any written final order in this case (see generally *Gillen v. Bostick*, 234 Ga. 308 (1) (215 SE2d 676)); on November 22, 1993, Chief Judge Ison granted summary judgment to ROC both as to appellant's complaint and ROC's counterclaim. As appellant remained in possession of the lot, ROC filed motions for supersedeas bond to require payment of rent into the court registry pending appeal; Chief Judge Ison granted both motions. Appellant neither posted the $3,000 bond nor paid rent; on November 22, 1993, in a final order Chief Judge Ison granted ROC a writ of possession instanter for the lot. On August 5, 1994, this Court in Case No. A94A1132 (unpublished Rule 36 disposition) affirmed the judgment (in Case No. 93-CV-141-2); on January 17, 1995, the Supreme Court denied a petition for certiorari. No application for the writ was made until February 16, 1994, and writ of possession was not issued until February 17, 1994.

Meanwhile on November 18, 1993, four days before Chief Judge Ison entered summary judgment against appellant in the first suit, appellant filed a petition to issue writ of mandamus in Case No. 93-CV-600-2, naming ROC, the Clayton County Sheriff's Department, and Chief Judge Ison as defendants. On December 2, 1993, the trial court denied the petition holding that appellant merely sought relief from the judgment entered in Case No. 93-CV-141-2 to which an appeal could be filed. Appellant appealed this judgment directly to the Supreme Court which, on March 11, 1994, sua sponte dismissed the direct appeal as both untimely and improper.

On January 10, 1994, appellant filed a complaint in the Superior Court of Fulton County, Case No. E23557, naming Ms. Wilson, a Mr. Lameck, Chief Judge Ison, and the Clayton County Police Department as defendants, alleging substantially the same facts as averred in the first complaint, and also asserting a claim of conspir-

acy by the named defendants. On April 1, 1994, the Fulton County Superior Court issued an order transferring the case to Clayton County; appellant filed notice of appeal; however, he apparently did not pay assessed court costs; and no further activity has occurred regarding this appeal. (The order provides that if court costs are not paid within the time therein specified the action would be dismissed automatically without prejudice.)

On May 20, 1994, appellant filed a complaint (Case No. 94-CV-233-2) in Clayton County Superior Court naming the state solicitor (Mr. Baird), Mr. White, and ROC, as defendants. The factual allegations, including that of conspiracy, were substantially the same as in the preceding suits. ROC counterclaimed for a bill of peace, and on July 22, 1994, the superior court entered an order enjoining this litigation until Case No. 93-CV-141-2 was resolved. On April 12, 1995, appellant filed a notice of appeal. On May 5, 1995, the trial court dismissed the case for want of prosecution; appellant failed to pay costs, and the case has not been transmitted on appeal.

On July 20, 1994, appellant filed a petition for writ of mandamus in Fulton County Superior Court (Case No. E29845), naming as defendants, SWF, Judges Ison and Carbo, and the Clayton County Sheriff. On August 15, 1994, the superior court denied the petition. Appellant appealed, and on April 10, 1995, the Supreme Court affirmed the denial of the petition.

On June 7, 1995, appellant filed this case (Case No. E38185) alleging a conspiracy between SWF, Linda Miller f/k/a Linda Moore (clerk of superior court), and Judge Ison to issue a writ of possession in Case No. 93-CV-141-2 after a notice of appeal had been filed; appellant also complained of improper handling of appeals by Miller in Case Nos. 93-CV-600-2 and 94-CV-233-2. (Appellant filed a separate action against Judge Ison who is not named as a defendant in this case.)

The trial court found that both SWF and Linda Moore were entitled to the motion to dismiss because defendants/appellees, "having no power to issue any order for a writ of possession, were unable to have conspired with [Judge Ison] as alleged. Further, plaintiff[/appellant] has failed to state a claim, as plaintiff himself failed to post a supersedeas bond to preserve the supersedeas effect of his notice of appeal; therefore, the writ of possession was validly issued. Plaintiff[/appellant] further fails to state a claim against [appellee Moore] for punitive damages, as such damages are not proper against a government officer or entity. Plaintiff[/appellant] has further failed to state a claim for any mishandling of certain other appeal cases, as the plaintiff has failed to pay costs of appeal." The trial court also found that SWF was entitled to a grant of its motion to dismiss on grounds of res judicata. *Held*:

1. Pretermitting whether res judicata precludes appellant's suit against SWF is the question whether the trial court lacked jurisdiction over the claims against appellees, SWF and Linda Miller f/k/a Linda Moore, Clerk of the Clayton County Superior Court, based on an averment of a conspiracy to issue a writ of possession. We find that the trial court lacked jurisdiction over these claims.

The original suit instituted by appellant (Case No. 93-CV-141-2) has become final; the trial court in this suit granted summary judgment to ROC on its counterclaim seeking a writ of possession and damages for unpaid rent. The effect of the case at bar is to attack collaterally the grant of summary judgment awarded ROC in Case No. 93-CV-141-2. OCGA § 9-11-60 precludes collateral attacks of a judgment which is not void on its face; "[s]ince alleged [conspiracy to issue a writ of possession] in a previous case would not render the judgment therein void on its face, it necessarily follows that that judgment should be subject only to a direct rather than a collateral attack." *Shepherd v. Epps*, 179 Ga. App. 685, 686 (1) (347 SE2d 289). Case No. 93-CV-141-2 being a judgment not void on its face "shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section." OCGA § 9-11-60 (a). "If one is dissatisfied with a judgment one does not merely file a new action against the other party or his counsel. Instead, one must attack the prior judgment directly." *Zepp v. Toporek*, 211 Ga. App. 169, 171 (1) (b) (438 SE2d 636). The trial court did not err in dismissing all conspiracy claims averred in the complaint. We will not reverse the correct ruling of a trial court regardless of the reason therefor. *Nat. Consultants v. Burt*, 186 Ga. App. 27, 33 (2) (366 SE2d 344). Moreover, as the only claims reasonably averred against SWF were based on conspiracy, as to SWF the complaint fails to state any claims upon which relief can be granted, and SWF was entitled to be dismissed from the suit on this ground.

2. OCGA § 15-6-50 provides that, as a prerequisite for holding the office of clerk of the superior court, the person shall be "a resident of the county in which he seeks the office of clerk of the superior court for at least two years prior to his qualifying for the election to the office." OCGA § 15-6-50 (b) (1) (B). Thus, it appears that appellee Miller was a resident of Clayton County for at least two years prior to her qualifying for the election of the office of Clerk of the Clayton County Superior Court. Once appellee Miller's status as a resident is established, such status is presumed to continue until the contrary is established by evidence of record. *Esco v. Jackson*, 185 Ga. App. 901, 906 (2) (366 SE2d 309). Accordingly, an issue exists whether the Fulton County Superior Court has proper venue in this case; it is noted that appellee Miller raised the issues of lack of service, jurisdiction and venue in her answer to appellant's complaint. See gener-

ally Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. Accordingly, we will remand this case to the trial court, to determine whether venue remains in view of our disposition in Division 1. If venue does not exist, the case with its remaining claims should be transferred to a court having proper jurisdiction and venue. Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. If venue is found to exist, the trial court should convert appellee Miller's remaining motion to dismiss into a motion for summary judgment, give the parties notice thereof (OCGA § 9-11-56), and adjudicate the converted motion based on evidence in the record outside the pleadings. OCGA § 9-11-12 (b); see, e.g., *Blasingame v. Blasingame*, 249 Ga. 791, 792 (294 SE2d 519); *Jaynes v. Douglas*, 147 Ga. App. 678, 679 (250 SE2d 14). For the basis for converting the remaining motion to dismiss, compare the trial court's order in the case at bar with the complaint and the affidavit of the Senior Deputy Clerk of the Clayton Superior Court.

*Judgment affirmed in part, vacated in part and case remanded with direction. Beasley, C. J., and Blackburn, J., concur.*

DECIDED AUGUST 6, 1996.

Thomas G. Dean, *pro se.*
Schreeder, Wheeler & Flint, Debbie A. Wilson, John A. Kimbell, for appellees.