A97A0502. DEAN v. NATIONSBANK.
(486 SE2d 647)

POPE, Presiding Judge.

Plaintiff Thomas Dean had a checking account with defendant NationsBank ("the bank"). When Dean failed to pay his federal income taxes, the IRS served the bank with a notice of levy. See 26 USCA §§ 6331 & 6332. After notifying Dean and waiting 21 days as required by § 6332 (c), the bank complied with the levy and surrendered the money in Dean's account to the IRS. Despite notification that his access to automated teller machines (ATMs) was restricted during this 21-day period, Dean made several withdrawals from his account at ATMs, resulting in an overdraft of $2,500. Dean sued the bank for wrongfully surrendering his money to the IRS, and the bank counterclaimed for conversion of the $2,500. After Dean failed to respond to requests for admissions, the trial court granted the bank's motion for summary judgment on Dean's claim as well as the bank's counterclaim. Concluding that Dean's position is patently meritless, we affirm the judgment below and impose a penalty of $1,000 for a

frivolous appeal under Court of Appeals Rule 15 (b).

1. Summary judgment on Dean's claim was proper because the bank's compliance with the IRS notice of levy was not wrongful as a matter of law. Under § 6332 (e), a bank which surrenders a delinquent taxpayer's property in compliance with an IRS levy cannot be liable to the delinquent taxpayer. And if the bank had refused to pay the money in Dean's account to the IRS, the bank would have been liable to the IRS for that amount plus a penalty. See 26 USCA § 6332 (d).

Dean suggests the levy was invalid because the IRS never initiated judicial proceedings against him. Contrary to Dean's contention, however, § 6331 does not require the IRS to sue a delinquent taxpayer prior to levy. Rather, it provides for the administrative levy of any property of the taxpayer ten days after notice and demand for payment. See 26 USCA § 6331 (a).

Dean also argues that the bank violated OCGA § 7-1-353 (a) by denying him, as sole depositor, control over his bank account. But this subsection starts with the phrase "[e]xcept as provided in subsections (b) and (c)," and subsection (b) explicitly allows a bank to act and rely upon a levy.

2. Summary judgment on the bank's counterclaim for conversion was also proper. The bank served Dean with requests for admissions on February 12, 1996. The trial court's order granting summary judgment for the bank was issued June 18, 1996, and at that time Dean had not responded to the requests for admissions. Accordingly, the trial court properly treated the matters addressed therein as admitted, see OCGA § 9-11-36; *Hammett v. Bailey*, 147 Ga. App. 105, 106 (248 SE2d 180) (1978), and these admissions conclusively established that Dean had converted the $2,500.

Dean, who has represented himself throughout this case, asserts he thought he did not need to respond to discovery because he had a pending "Motion for Judgment by Reason of Liquidated Damages." Even if this were a valid excuse, however, that motion was denied in March 1996, in an order warning Dean to comply with discovery requests; and in June, Dean still had neither responded nor moved to withdraw or amend his admissions.

3. In filing this action and pursuing this appeal, Dean's positions have consistently been without any valid basis in fact or law. And this is not the first time Dean has wasted the time and resources of others by filing frivolous pro se lawsuits and appeals. His legal activities before 1988 are chronicled in *Dean v. ARA Environmental Svcs.*, 124 FRD 224 (N.D. Ga. 1988), and a sampling of his more recent litigation is described in *Dean v. Schreeder, Wheeler & Flint*, 222 Ga. App. 426, 427-428 (474 SE2d 648) (1996).

In light of the frivolous nature of this appeal, we assess a penalty

of $1,000 against Dean, to partially recompense the bank and discourage Dean from filing further frivolous appeals. See Court of Appeals Rule 15 (b).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MAY 6, 1997.
Before Judge Lane.

Thomas G. Dean, *pro se.*

*Parker, Hudson, Rainer & Dobbs, William J. Holley II*, for appellee.