**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 3, 2015

# In the Court of Appeals of Georgia

A15A0514. WOLFFE et al. v. LENDER TITLE & ESCROW, LLC.

McFADDEN, Judge.

Arthur E. Wolffe and Tori F. Talbot, who are proceeding pro se, appeal the dismissal of their action against Lender Title & Escrow LLC. Because their action is an improper collateral attack upon the judgment entered in a related action, we affirm.

Lender Title & Escrow filed a foreclosure action against Wolffe and Talbot in Fulton County Superior Court, and the court entered a default judgment in its favor. Wolffe and Talbot moved to set aside the default judgment on the ground that Talbot had not been personally served. Lender Title & Escrow presented evidence on the issue, and the trial court denied the motion to set aside. Wolffe and Talbot filed an application for discretionary appeal, which we denied. Our Supreme Court denied Wolffe and Talbot's petition for certiorari.

At some point, Lender Title & Escrow brought a dispossessory action in magistrate court. Wolffe and Talbot then filed this action in superior court, arguing that the trial court erred in entering the default judgment against them in the foreclosure action. They sought to enjoin the dispossessory proceedings and sought damages for wrongful foreclosure and wrongful dispossessory.

Lender Title & Escrow moved to dismiss the action for failure to state a claim upon which relief can be granted, and the trial court granted the motion. Wolffe and Talbot filed this appeal.

1. *Failure to rule on motion for default judgment.*

Wolffe and Talbot argue that the trial court erred by failing to rule on their motion for a default judgment before addressing Lender Title & Escrow's motion to dismiss their complaint. We find that they have not shown reversible error.

Lender Title & Escrow was served with Wolffe and Talbot's complaint on October 17, 2013. Its answer was thus due by November 16, 2013. OCGA § 9-11-12 (a). It filed its answer on November 25, 2013, less than 15 days after the answer was due. And in its verified response to the motion for default, Lender Title & Escrow asserted that it paid costs when it filed the answer. The record thus demonstrates that Lender Title & Escrow opened default as a matter of right under OCGA § 9-11-55

2

(a). Wolffe and Talbot cannot show harm from the trial court's failure to rule on their motion for default judgment as the motion was due to be denied.

2. *Failure to state a claim.*

Under OCGA § 9-11-12 (b) (6),

an action can be dismissed upon the merits where the complaint fails to state a claim upon which relief can be granted. Dismissal is appropriate only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim. We review the dismissal de novo, construing the complaint's allegations and all possible inferences therefrom in favor of the plaintiff.

*Northeast Georgia Cancer Care v. Blue Cross & Blue Shield of Georgia*, 297 Ga. App. 28 (676 SE2d 428) (2009) (citation and punctuation omitted).

We conclude that the trial court did not err in dismissing Wolffe and Talbot's complaint because, at its base, the complaint simply is an attempt to collaterally attack the judgment in the foreclosure action. "[A] judgment is subject to collateral attack only when it is void on its face. . . . . [Wolffe and Talbot have] not shown such deficiency in the [default judgment]. Instead, [they] merely contend[] that the trial court's ruling that [Talbot had been served with the lawsuit] is erroneous on its merits." *Nally v. Bartow County Grand Jurors*, 280 Ga. 790, 791 (1) (633 SE2d 337)

3

(2006) (citation omitted). See also OCGA § 9-11-60 (a) ("A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose . . . ."); *Grand v. Hope*, 274 Ga. App. 626, 628 (1) (617 SE2d 593) (2005) ("[U]nder Georgia law, unless a judgment is void on its face, it may not be attacked collaterally. . . . This is true regardless of any purported irregularity or error in the judgment.") (citations and punctuation omitted).

"[T]he averments in the complaint disclose with certainty that [Wolffe and Talbot] would not be entitled to relief under any state of facts which could be proved in support of their claim." *Matthews Group & Assoc. v. Wages*, 180 Ga. App. 151, 153 (2) (348 SE2d 695) (1986) (citation and punctuation omitted). Accordingly, the trial court did not err in granting the motion to dismiss and we therefore affirm.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*