**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 16, 2025**

# In the Court of Appeals of Georgia

A25A0158. TSOGLIN v. JACKSON.

McFADDEN, Presiding Judge.

Irina Tsoglin appeals the dismissal of her money-rule petition against Fulton County Sheriff Theodore Jackson. Because her petition is an improper collateral attack upon the judgment entered in another money-rule proceeding, we affirm.[1]

1. *Factual background*

Tsoglin obtained a judgment against Sergej Feder, and in December 2011, filed a writ of fieri facias with the Superior Court of Fulton County. On November 7, 2017, the sheriff conducted a tax sale of a property owned by Feder, selling the property for

---

[1] Oral argument was held in this case on February 11, 2025, and is archived on the court's website. See Court of Appeals of Georgia, Oral Argument, Case No. A25A0158 (Feb. 11, 2025), available at https://vimeo.com/1056444790.

$50,000, which was $29,129 more than Feder's tax obligation. KL Capital LLC purchased the property at the tax sale.

Ten days after the sale, the sheriff sent Tsoglin notice that she might be entitled to the excess funds. See OCGA § 48-4-5 (a) (requiring officer holding excess funds from a tax sale to give written notice of the excess funds to the record owner and all others having a recorded interest in the property).

In a letter dated December 1, 2017, KL's attorney notified Tsoglin that it had filed a claim for the excess funds. The attorney wrote that the notice was given to her "as provided in OCGA § 15-13-13 in order that [she] might be bound by the judgment of distribution in [the] matter." OCGA § 15-13-13 is a provision in the Article setting out the money-rule procedure, OCGA §§ 15-13-1 through 15-13-14, under which a person may apply to a sheriff for payment of money that the sheriff may have collected by virtue of his office, such as the excess funds at issue here. On December 5, 2017, KL filed a money-rule petition for the excess funds.

Tsoglin received the letter from KL's attorney in the middle of December. She hired an attorney who prepared a claim for the excess funds, which Tsoglin sent to the

sheriff in January 2018. But she filed nothing in KL's money-rule proceeding at that time.

In April 2018, the trial court entered a final judgment in KL's money-rule proceeding, ordering the sheriff to deposit the $29,129 in excess funds into the court registry and the clerk of court to disburse the funds to KL's attorney. Nearly a year later, Tsoglin moved to intervene in KL's money-rule proceeding and to set aside the judgment. She alleged that she had never been notified of the proceeding and that she was entitled to the excess funds because she was the priority lienholder.

The trial court denied Tsoglin's motion to intervene and to set aside the judgment. The court held that Tsoglin could have intervened as a matter of right, but that her motion to intervene was untimely; that contrary to Tsoglin's argument, KL's behavior was not fraudulent; that KL had "provided notice (albeit imperfect) to Tsoglin . . . [and that a]fter receiving that notice, it was incumbent upon Tsoglin to follow up and assert her rights in a more timely fashion." Tsoglin filed an application for discretionary appeal of the trial court's order, but we dismissed the application because it was untimely.

Nine months later, Tsoglin filed the instant money-rule petition against the sheriff.[2] The sheriff filed motions to dismiss the petition, for judgment on the pleadings, and for summary judgment; and Tsoglin filed a motion for summary judgment. The trial court granted the sheriff's motion to dismiss on the ground that Tsoglin's petition was barred by res judicata. Tsoglin filed this appeal.

2. *Analysis*

Tsoglin argues that the trial court erred in dismissing her petition on res judicata grounds, because the trial court lacked jurisdiction over KL's money-rule petition and because she was not a party to the prior proceeding. We hold that Tsoglin's petition is, in effect, an impermissible collateral attack on the judgment in KL's money-rule proceeding. So we affirm. See *Shadix v. Carroll County*, 274 Ga. 560, 565 (3) (c) (554 SE2d 465) (2001) (we will affirm a judgment "so long as it is right for any reason"). It is undisputed that at the time Tsoglin filed her petition, the trial court

---

[2] We question, but need not decide, whether Tsoglin could proceed via money-rule petition under OCGA § 15-13-3. That Code section applies when an officer "fails, upon application, to pay to the proper person or his attorney *any money he may have in his hands* which he may have collected by virtue of his office[.]" OCGA § 15-13-3 (emphasis supplied.) It is undisputed that the sheriff had paid out the excess funds by the time Tsoglin filed her money-rule petition. See *Brina Bay Holdings v. Echols*, 314 Ga. App. 242, 247 (723 SE2d 533) (2012) (physical precedent only) (McFadden, J., concurring specially).

had entered a final judgment ordering the sheriff to pay the excess funds into the court registry and the clerk of court to pay the funds to KL. So Tsoglin's money-rule petition alleging that she is entitled to those same funds necessarily attacks that judgment. Indeed, Tsoglin admits that she is collaterally attacking that judgment, asserting "that the court has every right to examine whether the first action was deprived of subject matter jurisdiction . . . ."

"The effect of the case at bar is to attack collaterally the . . . judgment awarded [to KL in its money-rule proceeding]. OCGA § 9-11-60 [(a)] precludes collateral attacks of a judgment which is not void on its face[.]" *Dean v. Schreeder*, 222 Ga. App. 426, 429 (1) (474 SE2d 648) (1996). A judgment is void on its face when that "judgment lacks either personal or subject matter jurisdiction." *Nally v. Bartow County Grand Jurors*, 280 Ga. 790, 791 (1) (633 SE2d 337) (2006) (citation and punctuation omitted). As detailed below, the judgment that Tsoglin attacks is not void on its face, so her collateral attack is precluded.

Tsoglin argues that the judgment is void because the trial court lacked subject-matter jurisdiction, given the sheriff's sovereign immunity. Without citing any supporting authority, she argues that for the sheriff to have waived sovereign

immunity, KL had to present a pre-suit demand under OCGA § 15-13-3. And she argues that the sheriff asserted in his answer to KL's money-rule petition that KL had not presented a pre-suit demand, an assertion that she argues bars him from claiming otherwise here. "This argument fails at its premise." *Warbler Investments v. City of Social Circle*, ___ Ga. ___, ___ (3) (a) (Case No. S24A1024, decided Mar. 4, 2025).

OCGA § 15-13-2 (4) is an "explicit statutory waiver of immunity" to money-rule petitions against a county sheriff under OCGA § 15-13-3. *Bartow County v. Southern Dev., III*, 325 Ga. App. 879, 882 (1) (756 SE2d 11) (2014). OCGA § 15-13-2 (4) provides, "Any sheriff shall be liable to an action for damages or an attachment for contempt of court, at the option of the party, whenever it appears that the sheriff has injured the party by . . . [n]eglecting to pay over to the plaintiff or his attorney any moneys collected by the sheriff by virtue of any fi. fa. or other legal process[.]"

Tsoglin argues that OCGA § 15-13-3 imposes a condition to the waiver of sovereign immunity set forth in OCGA § 15-13-2 (4). OCGA § 15-13-3 provides:

> (a) If any sheriff . . . fails, upon application, to pay to the proper person or his attorney any money he may have in his hands which he may have collected by virtue of his office, the party entitled thereto or his attorney may serve such officer with a written demand for the same. If not then paid, for such neglect or refusal the officer shall be compelled to pay

interest at the rate of 20 percent per annum upon the sum he has in his hands from the date of the demand, unless good cause is shown to the contrary.

(b) A copy of the demand produced in court, verified by affidavit stating when and where the original was served upon the officer, shall be prima-facie evidence of the date and service thereof.

But

[n]othing in [OCGA § 15-13-2 (4)] establishing the waiver of sovereign immunity suggests that any other condition [than those listed in that Code section] must be met before the waiver applies. And nothing in [OCGA § 15-13-3, which contains the demand provision], gives any indication that meeting that [provision] is a condition or prerequisite for triggering the waiver of sovereign immunity, either.

*Warbler Investments*, ___ Ga. at ___ (3) (a).

The failure to make a demand under OCGA § 15-13-3

is not a jurisdictional bar to hearing the case. Sovereign immunity has already been waived. Instead, [the demand provision] is a procedural rule, and failing to follow it is an ordinary procedural defect that [may carry] a consequence[, such as excusing the sheriff from paying interest upon the sum in his hands from the date of the demand. It] does not deprive the trial court of subject matter jurisdiction or leave it powerless to act in the case.

*Warbler Investments*, ___ Ga. at ___ (3) (a) (footnote omitted). See also *Ga. Pines Community Svc. Bd. v. Summerlin*, 282 Ga. 339, 339-340 (1), 343 (2) (647 SE2d 566) (2007) (requirement in Georgia Tort Claims Act that plaintiff "must" effect service of process on specific government officials is procedural, not jurisdictional, and so plaintiff's failure to comply does not affect the Act's waiver of sovereign immunity). So whether or not KL presented a pre-suit demand, the sheriff did not have sovereign immunity in KL's money-rule proceeding, the trial court did not lack subject-matter jurisdiction over the proceeding, and the trial court's judgment is not void on its face.

"[A] judgment not void on its face shall be subject to attack only by a direct proceeding. . . ." *Dean*, 222 Ga. App. at 429 (1) (citation and punctuation omitted). As detailed above, Tsoglin attempted to make a direct attack, moving to intervene and to set aside the judgment and then seeking an appeal, but she was unsuccessful.

Because Tsoglin's money-rule petition is an improper collateral attack of the prior judgment, we affirm the trial court's grant of the sheriff's motion to dismiss. *Wolffe v. Lender Title & Escrow*, 332 Ga. App. 427, 428-429 (2) (773 SE2d 295) (2015).

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*