## A94A2490. ST. MARY'S HOSPITAL OF ATHENS, INC. v. COHEN.
### (456 SE2d 79)

ANDREWS, Judge.

St. Mary's Hospital of Athens, Inc. (Hospital) appeals from the judgment entered on the jury's verdict after the trial necessitated by this court's interlocutory review of the denial of the hospital's motion for summary judgment. *St. Mary's Hosp. of Athens v. Radiology Professional Corp.*, 205 Ga. App. 121 (421 SE2d 731) (1992). There, this court determined that the Hospital was entitled to summary judgment on all the counterclaims of Dr. Cohen and his corporation, Radiology Professional Corporation (RPC), except for Dr. Cohen's "cause of action in tort against St. Mary's for failure to follow existing [medical staff] bylaws with regard to termination of his staff privileges [based on OCGA § 51-1-6]." Id. at 127 (3c).

The basic facts of the relationship between the Hospital, RPC, and Dr. Cohen are set forth in that opinion, as well as the procedural history of the litigation, and will be supplemented only as needed. The jury returned a verdict for Dr. Cohen for $11,700,000 in compensatory damages and $1,000,000 in punitive damages.

1. " '(O)n appeal, we must construe the evidence most strongly to support the jury verdict and the judgment' [cit.]; likewise, in considering a ruling on a motion for directed verdict, the evidence must be construed most favorably to the party opposing the motion. [Cit.] The standard for review of a directed verdict and a judgment n.o.v. are the same: 'Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed.' [Cit.]" *Mattox v. MARTA*, 200 Ga. App. 697 (1) (409 SE2d 267) (1991); *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554) (1983).

As held in *St. Mary's*, supra, "[s]ince the issue is existence of a legal duty to follow procedures established pursuant to state law, not the presence of state action, we see no reason to distinguish between public and private hospitals in this context. Both are required to establish staff bylaws; therefore, both should be required to follow those bylaws. Just as a physician who receives privileges at a hospital '(does) so with the understanding that his appointment (is) subject to its bylaws,' [cit.], a hospital, whether public or private, also should be subject to the bylaws it enacts. Accordingly, we hold that Cohen may assert a cause of action in tort against St. Mary's for failure to follow existing bylaws with regard to termination of his staff privileges. . . . We agree with St. Mary's that it has the authority to establish exclusive relationships with physicians in a given specialty or area of practice and that such authority may include the concomitant right to ter-

minate staff privileges as necessary to maintain this exclusivity. Nonetheless, this termination right may not be exercised in a manner inconsistent with the [medical] staff bylaws. Consequently, to ensure its right to terminate staff privileges to maintain exclusive relationships, hospitals must so provide either in the bylaws or in a contract with the *individual* physician (and not just in the contracts with the physician's professional corporation). In this case neither of these steps was followed. *However, there is a fact question whether Cohen acquiesced in the limitations St. Mary's placed upon the renewal of his privileges so as to waive his right to insist on compliance with the procedural requirements in the bylaws.*" (Latter emphasis supplied.) *St. Mary's,* supra at 127-128.

As to the issue of acquiescence and waiver the *material* facts are not in dispute.

By letter dated December 31, 1981, Dr. Cohen was reappointed to the medical staff. That reappointment letter was virtually identical to the reappointment letters he had received since 1969, with one exception. Added to the 1981 letter was the following: "In the event your agreement with Radiology Professional Corporation or the agreement between Radiology Professional Corporation and the hospital terminates, your appointment will terminate at the same date; otherwise, your appointment expires on December 31, 1983." Dr. Cohen's reappointment letters of 1983, 1985, and 1987 contained the same limitation. Dr. Cohen also received a letter of April 5, 1989 granting additional privileges, but also containing the same limitation.

In Dr. Cohen's applications for reappointment in 1983, 1985, and 1987 no modifications of prior privileges were sought. Finally, by letter dated April 12, 1989, after the present lawsuit was initiated, Dr. Cohen notified the Hospital as follows: "The purpose of this letter is to respond to the second paragraph of your letter [of April 5, 1989] which purports to condition my clinical privileges on the continuing existence of an 'agreement' between Radiology Professional Corporation (RPC) and the Hospital. This is not the first time in recent years that you have referred to such a conditional grant of privileges. Until the Hospital filed suit recently to remove the RPC physicians from the Hospital, it was not necessary to respond to this attempt to limit our clinical privileges. Now, however, I believe I must respond formally to your suggestion that my clinical privileges are somehow tied to the old contract dated April 1, 1971." After arguing that there had been no contract since 1973, Dr. Cohen closed his letter as follows: "I simply did not want to *continue to be silent on this matter* now that the Hospital is attempting to remove the RPC physicians from the Hospital." (Emphasis supplied.)

"Acquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission."

OCGA § 24-3-36. And more specifically, "[i]n the ordinary course of business, when good faith requires an answer, it is the *duty* of the party receiving a letter from another to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent and to adopt them." (Emphasis supplied.) OCGA § 24-4-23. "[M]ere silence is not sufficient to establish a waiver unless there is an obligation to speak. [Cit.]" *Jordan v. Flynt*, 240 Ga. 359, 364 (3) (b), 366 (240 SE2d 858) (1977). "In cases of silence there must be not only the *right* but the *duty* to speak before failure to do so [becomes] an estoppel. [Cit.]" *Tybrisa Co. v. Tybeeland*, 220 Ga. 442, 445 (139 SE2d 302) (1964). The above cited statutes impose such a duty and obligation.

"While normally the question of waiver is a matter for the jury, where, as here, the facts and circumstances essential to the waiver issue are clearly established waiver becomes a question of law. [Cits.]" *Mauldin v. Weinstock*, 201 Ga. App. 514, 520 (4) (411 SE2d 370) (1991).

If he chose not to accept same, Dr. Cohen had an obligation and duty to respond to the imposition of the limitations on his privileges. Instead, he silently exercised those staff privileges for almost eight years. Accordingly, as a matter of law, he waived his right to insist on compliance with the procedural requirements of the bylaws and the trial court erred in failing to direct a verdict for the hospital.

2. This conclusion makes consideration of the remaining 21 enumerations of error unnecessary.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Johnson and Smith, JJ., concur. Beasley, C. J., Pope, P. J., Blackburn and Ruffin, JJ., dissent.*

BEASLEY, Chief Judge, dissenting.

I respectfully dissent because the record does not establish, as a matter of law, that Dr. Cohen waived his right to insist on compliance with the procedural requirements in the bylaws before termination of staff privileges. That was the question of fact which was returned to the trial court for jury resolution because it was not resolved by the summary judgment record. *St. Mary's Hosp. of Athens v. Radiology Professional Corp.*, 205 Ga. App. 121, 127-128 (3) (c) (421 SE2d 731) (1992).

His right arose from the hospital's legal duty to follow existing bylaws, and his cause of action to obtain relief from a violation of that duty was founded on OCGA § 51-1-6. It provides: "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

As stated in the previous opinion of this Court, "hospitals cannot arbitrarily or capriciously deprive physicians of their privileges . . . [nor] abridge or refuse to follow [their] existing bylaws concerning staff privileges." Id. at 127.

The jury had before it the letters referenced in the majority opinion as well as all of the facts and circumstances surrounding the long staff privilege relationship of the hospital with the physician, which began in 1968, and with his professional corporation, after it was incorporated in 1971 and he became its employee. The written contract with the corporation was never revised in writing as provided therein and was abandoned by the parties in 1973. The radiological services which were provided through the exercise of Dr. Cohen's staff privileges were terminated in the summer of 1990.

The hospital has appealed the trial court's denial of its motion for directed verdict and its subsequent motion for new trial, both of which are bottomed on the argument that Dr. Cohen waived the bylaws' procedural requirements. On appeal, the question is whether there is "any evidence" to support the jury verdict. *Professional Consulting v. Ibrahim*, 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992). Specifically in this instance, we must decide whether there is any evidence to support the finding that Dr. Cohen did not waive the protection of the procedure established by the bylaws for the termination of staff privileges. " 'The grant or denial of a motion for new trial . . . is a matter within the sound discretion of the trial court and will not be disturbed . . . if there is "any evidence" to authorize it.' " *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858, 859 (3) (360 SE2d 418) (1987). The question is not whether there is evidence to support an opposite finding but rather whether it was demanded. Waiver was a defense; the absence of waiver was not an element of the tort, incumbent on plaintiff Cohen to prove.

The letters which Dr. Cohen received did not *necessarily* require a contemporary objection which, if not registered, worked an acquiescence or a forfeiture of the right to insist on the very specific and orderly step-by-step procedure set up for termination. As summarized by appellee, there was evidence that the letters adding a condition (1) were ultra vires because the board's credentialing authority was limited under the bylaws to acting upon the recommendation of the medical staff credentialing committees; (2) did not constitute the "decision and notice" required by the medical staff bylaws, as recognized at the time of receipt by Dr. Cohen; (3) were inconsistent with the absence of "special conditions" in the official biannual reapplication, committees' recommendations, and board action forms related to Dr. Cohen's staff privileges.

Dr. Cohen explained to the jury why he did not respond in writing to the letters: (1) he had received unconditional decision and no-

tice letters for 12 years; (2) he never received the "special notice" of "adverse recommendation" or "adverse action" required by the staff bylaws; (3) he knew Mr. Fechtel, the administrator, lacked authority to condition his staff privileges, under the bylaws; (4) no written acknowledgment was ever required, despite such requests of other physicians who were asked to waive their staff bylaws rights; (5) the conditioning of staff privileges to an "agreement" was meaningless since there was no "agreement"; and (6) hospital agents never suggested any right to administratively terminate his medical staff privileges despite numerous formal contract negotiation sessions. There was no mention during the sessions that staff privileges were tied to contractual relations, until 1988. Thus, he did not regard the administrator's letters as affecting his staff privileges. With all of this, and considering the entire history of the dealings between the hospital and Dr. Cohen and his professional corporation, the jury found that a waiver had not been shown; the preponderance of the evidence was otherwise.

I cannot conclude from the voluminous trial transcript that the trial court erred in refusing to direct the jury's verdict on this issue or to depart from the jury's verdict after it was returned.

I am authorized to state that Presiding Judge Pope, Judge Blackburn and Judge Ruffin join in this dissent.

DECIDED MARCH 17, 1995 — 

*Blasingame, Burch, Garrard & Bryant, E. Davison Burch, J. Ralph Beaird, Wayne R. Allen,* for appellant.
*J. Hue Henry, John F. Lyndon,* for appellee.