A97A1953. PARRIS et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
(494 SE2d 244)

BLACKBURN, Judge.

Plaintiffs Dale D. Parris and Brian G. Lamoy appeal from the trial court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm) and State Farm claim specialist Robert Bronaugh on plaintiffs' claim for damages for failure to furnish certain insurance coverage information as required by OCGA § 33-3-28, fraud and false swearing.

"In reviewing [a] grant or denial of summary judgment, this Court conducts a de novo review of the evidence." *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996). "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-

moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." (Punctuation omitted.) *Goring,* supra at 138 (2).

Parris and Lamoy contend that summary judgment in favor of Bronaugh and State Farm was improper because (1) they breached their duties with regard to disclosure of coverage under OCGA § 33-3-28; (2) they defrauded plaintiffs by withholding such policy information; and (3) they falsely swore with regard to the disclosure of policy coverage.

Under OCGA § 33-3-28 (a) (1), "[e]very insurer providing liability or casualty insurance coverage in this state and which is or may be liable to pay all or a part of any claim shall provide, within 60 days of receiving a written request from the claimant, a statement, under oath, of a corporate officer or the insurer's claims manager stating with regard to each known policy of insurance issued by it, including excess or umbrella insurance, the name of the insurer, the name of each insured, and the limits of coverage." The statute also provides that after such information is disclosed, if additional or inconsistent facts are discovered, the insurer must amend the information provided to reflect this fact. See OCGA § 33-3-28 (d).

The facts show that on September 10, 1992, Parris and Lamoy were injured when the car in which they were riding collided with a car driven by State Farm's insured, Steven Evans. Following the collision, Parris and Lamoy sent State Farm a request, in accordance with OCGA § 33-3-28, seeking certain insurance coverage information. In response to Parris and Lamoy's request, State Farm timely provided a sworn certificate of coverage indicating that Steven Evans' car was insured under a policy issued to Ralph Evans, Steven's grandfather, and that the limits of liability on the policy were $25,000 per person and $50,000 per accident. Settlement discussions then ensued.

State Farm later advised claim supervisor Tony Sampson on February 28, 1994, that two additional policies of insurance issued to Steven's father existed, but, it was not clear at that time whether or not the policies actually provided coverage for the subject collision. It is undisputed that by March 1994, Parris and Lamoy had been notified of the existence of the additional policies.

Suit was filed on June 7, 1994, and in response to interrogatories, State Farm confirmed that all three policies provided coverage for the subject collision. The coverage limits identified to plaintiffs on the two additional policies were $20,000 per accident and $50,000 per person. These figures, however, were inaccurate, as the limits of both of Glenn Evans' policies were actually $50,000 per person and $100,000 per accident. State Farm then amended its certificates of coverage on February 10, 1995, to reflect the proper coverage amounts. Thereafter, both Parris and Lamoy settled their injury

claims with State Farm with full knowledge of all available coverage. On March 20, 1995, Parris settled his case for $16,500, and on May 22, 1995, Lamoy settled his case for $40,000.[1]

Plaintiffs' settlement with Evans through State Farm satisfied Evans' duty to plaintiffs and State Farm's duty to Evans for this action. Left unresolved by the specific terms of the settlement is any duty State Farm may have had to plaintiffs arising from this matter.

Plaintiffs contend that OCGA §§ 51-1-6 and 51-1-8 provide for recovery in tort for breach of a legal duty arising from the above relationship with State Farm, entitling them to at least nominal damages under OCGA § 51-12-4 for State Farm and Bronaugh's failure to comply with OCGA § 33-3-28. The language of OCGA §§ 51-1-6 and 51-1-8 does not confer a separate cause of action in tort upon one who has suffered a breach of a legal or a private duty. OCGA § 51-1-6, standing alone, creates no cause of action. Rather, it simply authorizes the recovery of damages for the breach of a legal duty otherwise created. *City of Buford v. Ward*, 212 Ga. App. 752, 755 (443 SE2d 279) (1994).

This Court has not previously addressed the issue of whether a breach of OCGA § 33-3-28 creates a cause of action and the right to seek damages under OCGA §§ 51-1-6 and 51-1-8. The language of OCGA § 33-3-28 does not specifically create any cause of action for a breach thereof. While the legislature easily could have specifically created a cause of action for a breach of OCGA § 33-3-28 by its terms, it did not choose to do so. This failure strongly indicates the legislature's intention that no such cause of action be created by said statute. *City of Jesup v. Bennett*, 226 Ga. 606, 608-609 (2) (176 SE2d 81) (1970) (cardinal rules of construction). The trial court did not err in its ruling in this regard.

We now review plaintiffs' other contentions under the facts and pleadings of this case. Plaintiffs have failed to point to any damages flowing from the defendants' actions, however, and therefore their other claims must fail because recovery under fraud, negligence, or false swearing requires a showing of damages. *Strickland v. Vaughn*, 221 Ga. App. 636, 637 (472 SE2d 159) (1996) (in a negligence action damages must be shown); *Allen Decorating v. Oxendine*, 225 Ga. App. 84, 88 (1) (483 SE2d 298) (1997) (in an action for fraud damages must be shown); *Peters v. Imperial Cabinet Co.*, 189 Ga. App. 337 (375 SE2d 635) (1988) (in an action for false swearing damages must be shown). The error in reporting the coverage limits notwithstanding, the uncontroverted evidence shows that both Parris and Lamoy

---

[1] Parris' and Lamoy's settlement release forms with State Farm in the underlying injury action did not preclude them from bringing the instant suit.

settled their cases with full knowledge of the existence of all three policies and the correct limits of coverage. They therefore suffered no injury and no damages from the alleged breach of duty.

Plaintiffs argue that they were damaged because State Farm and Bronaugh's actions delayed their settlement of the case. This Court has previously addressed this issue and held: "We disagree with [plaintiffs] that the delay in their receipt of settlement sums from the tortfeasor's insurance carriers . . . constituted damages to them. . . . In the case sub judice, there is no evidence indicating that the insurance carriers would have produced settlement sums at an earlier time had [defendants initially disclosed all applicable coverage and policy limits]." *Whitehead v. Cuffie*, 185 Ga. App. 351, 352 (2) (364 SE2d 87) (1987). Given the complete lack of such evidence,[2] plaintiffs' claims must fail. Id.

Plaintiffs also claim they were damaged because they would have filed suit sooner had they been aware of all the coverage information. They have, however, presented no evidence that the outcome would have been different had they filed suit sooner. Plaintiffs further argue they would have pursued the suits differently had all the coverage information originally been disclosed. Given plaintiffs' voluntary and informed settlement of their claims with full knowledge of all insurance coverage, any argument regarding how much more they might have realized had they had such information earlier is purely speculation.

Finally, plaintiffs' contention that they should receive nominal damages under OCGA § 51-12-4 is without merit. Pursuant to that Code section, "[i]f an injury is small or the mitigating circumstances are strong, nominal damages only are given." However, as stated above, no evidence of any injury has been shown. "[W]here there is no evidence of injury accompanying the tort, an essential element of the tort is lacking, thereby entitling the defendant to judgment in his favor." *Whitehead*, supra at 353 (2). For all of the foregoing reasons, summary judgment was therefore properly granted to State Farm and Bronaugh.

While the legislature is free to provide a right of claim to plaintiffs for failure to comply with OCGA § 33-3-28, to date it has not done so. This opinion turns on the issue of damages and does not stand for the proposition that an insurance company will be pro-

---

[2] Contrary to plaintiffs' assertions, the Supreme Court's decision in *Jankowski v. Taylor, Bishop &c.*, 246 Ga. 804 (273 SE2d 16) (1980), does not require a different result. *Jankowski*, unlike this case, dealt specifically with a legal malpractice issue based on the attorney/client relationship. It does not stand for the broad proposition that delay in meeting one's statutory obligations will, under any set of circumstances, authorize damages. See *Whitehead*, supra at 352.

tected from liability as long as full disclosure of insurance coverage precedes a settlement. Such a rule would emasculate any duties created by OCGA § 33-3-28, the laws of fraud, and the laws of false swearing. Contrary to State Farm's assertion in this case, it is not a universal truth in insurance disclosure matters that all is well that ends well. Improper insurance reporting may result in liability under a proper factual scenario. That case, however, is not before us.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 6, 1997 —
RECONSIDERATION DENIED NOVEMBER 24, 1997 — 

*Tobin & Hoffspiegel, Thomas W. Tobin,* for appellants.
*Downey & Cleveland, Y. Kevin Williams, Richard A. Griggs,* for appellees.