A01A1864. CROSS et al. v. TOKIO MARINE & FIRE INSURANCE COMPANY, LTD. et al.

(563 SE2d 437)

SMITH, Presiding Judge.

Michael and Jacquelyn Cross filed suit against Tokio Marine & Fire Insurance Company, Ltd., Tokio Marine Management, Inc., and Tokio's former attorneys (collectively Tokio), alleging they had misrepresented by several million dollars the limits of coverage of Tokio's insured in a suit for damages filed by the Crosses against the insured after an automobile collision. The trial court granted summary judgment in favor of Tokio and denied the Crosses' motion for partial summary judgment, and the Crosses appeal. They contend that the trial court erred in concluding that no cause of action existed under Georgia law for their claims and that no material issue of fact remained as to whether they suffered harm as a result of Tokio's failure to disclose the policy limits accurately. They also challenge the trial court's denial of their motion for partial summary judgment on the issue of liability, which they claim was admitted. We conclude that the trial court properly denied the Crosses' motion for partial summary judgment because Tokio's failure to respond to a settlement offer was not an admission of liability. We also find that the trial court properly granted summary judgment to Tokio because, although Tokio did indeed misrepresent the limits of coverage, the Crosses suffered no cognizable harm. We therefore affirm the judgment below.

The record shows that in June 1997, Tokio's insured, Patricia Williams, and Michael Cross were involved in a vehicular accident and Cross was injured. The Crosses' attorney sent a letter to Tokio in October 1997, citing OCGA § 33-3-28 (a) (1) and (2), and requesting the name of each insurer and the limits of coverage. Kathy Adams, a claims examiner for Tokio, responded to the letter, enclosing a copy of

the declarations page of a contract of insurance issued to American Honda. That page disclosed a liability coverage limit of $1,000,000. In July 1998, the Crosses' attorney made a demand upon Tokio to settle the Crosses' claims for $750,000 based upon "the specials, nature of injuries and past, present and future pain and suffering." At that time, Cross had sustained medical damages of more than $88,000 and lost wages of more than $15,000.

Shortly thereafter, Cross and his wife filed suit against Williams. A jury awarded the Crosses $1,204,000 in damages, and judgment was entered on the verdict. Approximately one month later, Tokio's counsel first informed the Crosses' counsel that its insured had coverage of $2,000,000, rather than the $1,000,000 that had been disclosed before suit was filed, and then informed the Crosses' counsel that the coverage was actually $7,000,000. The judgment in the underlying lawsuit was not appealed.

This lawsuit was filed in March 2000, alleging violation of OCGA § 33-3-28 (d), false swearing under OCGA § 16-10-71, fraud and misrepresentation, and Racketeer Influenced & Corrupt Organizations Act violations and seeking pre-judgment interest under OCGA § 51-12-14 (b). The Crosses claim that because of Tokio's misrepresentation of the coverage limits, they recovered substantially less in their original lawsuit than the full value of their claim. Tokio moved for summary judgment, alleging that no private right of action exists under OCGA § 33-3-28, that the Crosses did not make a proper demand under that statute, and that notwithstanding any misrepresentation, the Crosses received the full value of their claim in the judgment, and they accepted this in satisfaction of their claim and did not move to set aside the judgment even after they became aware of the misrepresentation. The Crosses' motion for partial summary judgment was based upon their contention that Tokio admitted liability when it failed to respond to a letter including statements that Tokio had misrepresented coverage.

1. OCGA § 33-3-28 provides:

(a) (1) Every insurer providing liability or casualty insurance coverage in this state and which is or may be liable to pay all or a part of any claim shall provide, within 60 days of receiving a written request from the claimant, a statement, under oath, of a corporate officer or the insurer's claims manager stating with regard to each known policy of insurance issued by it, including excess or umbrella insurance, the name of the insurer, the name of each insured, and the limits of coverage. Such insurer may provide a copy of the declaration page of each such policy in lieu of providing such information. The claimant's request shall set forth under

oath the specific nature of the claim asserted and shall be mailed to the insurer by certified mail or statutory overnight delivery. . . . (d) The information provided to a claimant or his attorney as required by subsection (a) of this Code section shall be amended upon the discovery of facts inconsistent with or in addition to the information provided.

This court has held that subsection (d) of this statute does not create a private right of action against an insurer that breaches it because the statute does not specifically include such a right and failure to comply with the statute comes within the conduct subject to sanctions by the Insurance Commissioner as the exclusive regulatory remedy. *Generali—U. S. Branch v. Southeastern Security Ins. Co.*, 229 Ga. App. 277, 280 (2) (a) (493 SE2d 731) (1997). In *Parris v. State Farm &c. Ins. Co.*, 229 Ga. App. 522 (494 SE2d 244) (1997), this court held that the absence of language in OCGA § 33-3-28 creating a private right of action "strongly indicates the legislature's intention that no such cause of action be created by said statute." Id. at 524. Here, as in *Parris*, "[t]he trial court did not err in its ruling in this regard." Id.

We held in *Parris* that no recovery could be had for fraud or false swearing because the plaintiffs settled their claims after the insurer corrected its original misrepresentation, and they therefore settled "with full knowledge of all insurance coverage" and could show no actual damages. Id. at 525. But this court was careful to indicate that its opinion turned

on the issue of damages and does not stand for the proposition that an insurance company will be protected from liability as long as full disclosure of insurance coverage precedes a settlement. Such a rule would emasculate any duties created by OCGA § 33-3-28, the laws of fraud, and the laws of false swearing. . . . Improper insurance reporting may result in liability under a proper factual scenario.

Id. at 525-526. The Crosses contend that this is such a "proper factual scenario." We do not agree.

In *Merritt v. State Farm &c. Ins. Co.*, 247 Ga. App. 442 (544 SE2d 180) (2000), which was decided after the final judgment was entered in this case, this court noted that it had a "proper factual scenario" before it. Id. at 446. Merritt brought suit against State Farm for fraud, misrepresentation, false swearing, and RICO violations, claiming the insurer failed to disclose the existence of a $1,000,000 umbrella policy until after she had settled for the previously disclosed policy limits of $250,000. Guided by *Parris*, we reversed the

trial court's grant of summary judgment to State Farm. The record showed that State Farm's adjuster initially concluded "without any further investigation" that the claim was valued in excess of the disclosed policy limits of $250,000. Id. at 448 (3). Almost two years after swearing that the policy limit was $250,000, State Farm reached a "regional office decision" that Merritt's claim was worth $500,000. We concluded, therefore, that Merritt presented "some evidence from which a jury could conclude that she lost at least the use of $250,000 for some period of time" and that such damages were cognizable. Id.

In contrast, the Crosses did not settle their claims against Tokio's insured. Their claims were fully and fairly tried before a jury, which returned a verdict based on the evidence presented of the Crosses' damages. Insurance coverage usually is not disclosed to a jury, and the jury here returned its verdict without knowing of the existence or the amount of any insurance coverage. See *Bennett v. Terrell*, 224 Ga. App. 596, 597 (2) (481 SE2d 583) (1997). The Crosses therefore cannot prove the elements of causation and damages, which are essential to their claims against Tokio. They cannot show that they would have made a greater recovery but for Tokio's misrepresentation.

The affidavits presented by the Crosses purporting to show that the conduct of the case would have differed significantly had the actual limits been disclosed do not accomplish this. Although the affidavits are characterized as having been given by "experts," they do not specify how trial strategy would have changed or how the changes would have affected the jury. Indeed, any testimony regarding what a jury would have done under different circumstances is necessarily speculative. In relevant part, therefore, the affidavits consist of mere speculation, and "[s]peculation and conjecture by an expert [are] still speculation and conjecture." *Bankers Health &c. Ins. Co. v. Fryhofer*, 114 Ga. App. 107, 111 (1) (150 SE2d 365) (1966).

Moreover, the Crosses were aware of the misrepresentation before final judgment was entered and before they accepted the check from Tokio in satisfaction of the judgment. Further, their settlement demand was for a figure below the disclosed amount. No evidence exists, beyond speculation, that they would have changed this amount had they known additional coverage existed.[1]

Finally, in addition to these reasons the Crosses cannot succeed in this lawsuit against Tokio, they did not move to set aside the judgment in the underlying litigation. This lawsuit is therefore an indirect attack on that judgment, which is prohibited by statute. Under

---

[1] As the trial court pointed out, this holding does not condone Tokio's conduct, which may well be addressed by the Insurance Commissioner.

OCGA § 9-11-60 (b), a judgment may be attacked by a motion for new trial or a motion to set aside, and only in the court of rendition. The underlying lawsuit was prosecuted in Cobb County State Court, but this action was brought in Fulton County State Court. Therefore, contrary to the analysis in the special concurrence, the doctrines of res judicata and collateral estoppel apply here, barring relitigation of issues that were litigated or could have been litigated between identical parties or their privies. Although Tokio was not a party to the lawsuit brought by the Crosses against Tokio's insured, it is privy to its insured because it stands in its insured's shoes. *American States Ins. Co. v. Walker*, 223 Ga. App. 194, 195 (1) (b) (477 SE2d 360) (1996). The trial court therefore did not err in granting Tokio's motion for summary judgment.

2. The Crosses argue that the trial court erred in denying their motion for partial summary judgment because Tokio admitted liability. This argument is completely without merit. They first point to a statement by Tokio in a brief in the trial court that "for purposes of this motion only, we will assume the truth of the Crosses' allegations" and the truth of affidavits and authenticity of documents submitted by the Crosses. It is beyond cavil that such a statement does not admit liability, but serves only as a basis for argument supporting the position taken by Tokio in the motion. Such assumptions are commonly made for limited purposes only during the course of any litigation.

The Crosses also argue, relying upon OCGA § 24-4-23, that Tokio admitted liability when it failed to respond to a letter from their original counsel condemning the failure to disclose the excess insurance policy. We do not agree. The statute provides that "[i]n the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from another to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent and to adopt them." This is a more specific instance of the principle embodied in OCGA § 24-3-36 that when circumstances require an answer or denial, silence may amount to an admission.

But an admission arises only from the failure to respond to a letter sent in the ordinary course of business. This letter was not sent in the ordinary course of business, but between attorneys engaged in litigation. Further, the letter itself presented an offer to settle, and it indicated that if the recipient did not respond, the offer would be withdrawn. It follows that no duty existed on the recipient to respond. Mere silence cannot establish a waiver or admission unless an obligation exists to respond. See *St. Mary's Hosp. &c. v. Cohen*, 216 Ga. App. 761, 763 (1) (456 SE2d 79) (1995). The trial court did

not err in denying the Crosses' motion for partial summary judgment on this ground.

*Judgment affirmed. Phipps, J., concurs. Barnes, J., concurs specially as to Division 1.*

BARNES, Judge, concurring specially.

Although I concur fully with the conclusion and analysis in Division 2 and concur that the trial court did not err in granting summary judgment to Tokio Marine, I write separately because I cannot agree with all of the analysis and reasoning contained in Division 1 of the majority opinion. Tokio Marine is entitled to summary judgment because the Crosses cannot show they suffered any damage as a result of Tokio Marine's misrepresentation of the amount of the insurance coverage available to Tokio Marine's insureds. The Crosses' pre-trial demand was less than even the erroneously low amount of coverage they knew about, and the case was tried to a jury who awarded $1,204,000 without regard to the amount of coverage available.

I do not agree, however, with the majority's conclusion that the doctrines of res judicata and collateral estoppel apply here. This action is not a claim for damages against the tortfeasor, which has already been tried, but a claim against the insurance company for violating the directives of OCGA § 33-3-28, which provides that an insurer which may be liable to pay a claim *shall* provide a statement showing the amount of its insured's coverage. Therefore, the fact that the judgment was satisfied in the underlying claim should not foreclose this independent action against an insurance company for its failure to comply with the law of this State.

These are not claims against the opposing party, counsel for that party, or opposing witnesses. See *Shepherd v. Epps*, 179 Ga. App. 685, 686 (347 SE2d 289) (1986). Nor do the Crosses seek additional recovery from the former opposing party because of the same cause of action. Instead, they are suing the former opposing party's insurer for its own actions. See *Zepp v. Toporek*, 211 Ga. App. 169, 172 (438 SE2d 636) (1993). Therefore, while a previous settlement or verdict may be relevant to the issue of damages, as it is here, it should not in itself prevent the claimants from bringing an action against the insurance company for failing to provide such basic information pursuant to the statute's directive. For these reasons, I concur specially in the majority opinion.

DECIDED FEBRUARY 14, 2002 —
RECONSIDERATION DENIED APRIL 8, 2002 —

*Downey & Cleveland, Y. Kevin Williams, Sean L. Hynes, Johnson & Cooper, Jean E. Johnson, Jr.,* for appellants.

*Hall, Booth, Smith & Slover, Rush S. Smith, Jr., Jennifer L. McKernan, Paul R. Koster, Thomas A. Graham, Morris, Manning & Martin, Lewis E. Hassett, Jessica F. Pardi,* for appellees.