A11A0962, A11A0963. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al. v. HERNANDEZ AUTO PAINTING AND BODY WORKS, INC.; and vice versa.
(719 SE2d 597)

MILLER, Presiding Judge.

Hernandez Auto Painting and Body Works, Inc. ("Hernandez Auto") sued State Farm Mutual Automobile Insurance Company and several of its employees (collectively, "State Farm"), alleging in its complaint that State Farm steered individuals away from having repairs completed at Hernandez Auto, in violation of the Georgia Motor Vehicle Accident Reparations Act (MVARA), OCGA § 33-34-6 (a), (b), and that, in doing so, State Farm committed "trade libel/ injurious falsehood" (hereinafter, "trade libel"). State Farm moved to dismiss the lawsuit for failure to state a claim based on the grounds that there was no private cause of action under the MVARA, and that Georgia law did not recognize the tort of trade libel. The trial court granted State Farm's motion with respect to the MVARA claim, and it denied the motion with regard to the trade libel claim.[1]

In Case No. A11A0962, we granted State Farm's application for an interlocutory appeal of the trial court's denial of its motion to dismiss Hernandez Auto's trade libel claim. We reverse because Georgia does not recognize the tort of trade libel.

In Case No. A11A0963, Hernandez Auto cross-appeals from the trial court's grant of State Farm's motion to dismiss the MVARA claim. We affirm because the MVARA does not provide a private cause of action.

"When reviewing the grant of a motion to dismiss for failure to state a claim, we review the dismissal de novo, construing the

---

[1] The trial court also denied State Farm's motion to dismiss as to Hernandez Auto's claims for attorney fees and punitive damages.

complaint's allegations and all possible inferences therefrom in favor of the plaintiff." (Citation omitted.) *Daly v. Mueller*, 279 Ga. App. 168 (630 SE2d 799) (2006).

So viewed, the record evidence shows that Hernandez Auto filed the instant action in state court after a similar suit in federal court was dismissed for failure to state a claim.[2] In the present state court suit, Hernandez Auto claimed that State Farm "continuously and systematically" steered potential customers away from Hernandez Auto, and to repair shops with whom State Farm had negotiated rates "below reasonable market value." Hernandez Auto alleged that its reputation was harmed, and that it suffered economic damage when State Farm made disparaging and false remarks to insured individuals about the quality of Hernandez Auto's services, the reasonableness of its hourly rates, and the behavior of its owner.

### Case No. A11A0962

1. State Farm argues that the trial court erred by denying its motion to dismiss Hernandez Auto's trade libel claim because such is not a recognized tort under Georgia law. State Farm also argues that this Court should not recognize a cause of action for trade libel because it would be duplicative of other, well-established torts, such as general defamation and tortious interference with contract. We agree.

On appeal, Hernandez Auto points to section 623A of the Restatement (Second) of Torts in support of its trade libel claim, which provides as follows:

> One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.

Restatement (Second) of Torts § 623A (1977). The Restatement also extends this section to apply "to the publication of matter disparaging the quality of another's land, chattels or *intangible things*, that the publisher should recognize as likely to result in pecuniary loss to the other through the conduct of a third person in respect to the other's interests in the property." (Emphasis supplied.) Id. § 626.

---

[2] In the federal lawsuit, Hernandez Auto raised claims of tortious interference, MVARA violations, unjust enrichment, injunctive relief, and bad faith.

The commentary of the Restatement (Second) indicates that the particular form of injurious falsehood that involves disparagement of quality of another's land or intangible things is commonly called "trade libel," and that the purpose of the "action for injurious falsehood is to protect [the] economic interests of the injured party against pecuniary loss. . . ." Id. §§ 623A cmt. (g), 626 cmt.

The trial court's order relied upon this Court's decision in *Eason Publications v. Atlanta Gazette*, 141 Ga. App. 321 (233 SE2d 232) (1977), to conclude that Hernandez Auto had a cause of action for trade libel. That case, however, is inapposite. In *Eason*, this Court held that Georgia's libel statute, now codified as OCGA § 51-5-1, did not preclude a corporation, as opposed to an individual, from bringing a libel action against a rival competitor based on allegations that the rival maliciously published false information to advertisers that injured the standing and business reputation of the plaintiff and exposed it to ridicule in the business and public communities. Id. at 321, 323. We reasoned that the Georgia legislature intended for the state's defamation law to be consistent with common law, which provided corporations a cause of action for libel. Id. at 322-323 (referring to Restatement, Torts, § 561 (1), for common law definition of libel). Unlike the present case, *Eason* did not involve, nor was there any discussion of, trade libel or injurious falsehood. See generally id.

Review of Georgia authority reveals only one instance where trade libel was specifically discussed, in dicta, as a potential cause of action. See *Ga. Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 714-715 (4) (363 SE2d 140) (1987). In *Anderson*, the Supreme Court of Georgia pretermitted consideration of whether Georgia law recognized a cause of action "for damages resulting from disparagement of goods and services (i.e., trade libel)," because, assuming that damages would lie for trade libel, it substantially overlapped with plaintiff's claim of personal defamation. Id. The Supreme Court of Georgia noted that, while the torts of defamation and injurious falsehood, or trade libel, protect different interests, they overlap, particularly in cases of disparagement of the plaintiff's business or product. Id. at 714.

The Supreme Court of Georgia explained in *Anderson*:

> If the statement reflects merely upon the quality of what the plaintiff has to sell or solely on the character of his business, then it is injurious falsehood alone. Although it might be possible to imply some accusation of personal incompetence or inefficiency in nearly every imputation directed against a business or a product, the courts have insisted that something more direct than this is required for

> defamation. On the other hand, if the imputation fairly implied is that the plaintiff is dishonest or lacking in integrity or that he is perpetrating a fraud upon the public by selling something that he knows to be defective, the personal defamation may be found. In this case it is common to sue in defamation because the damages are more comprehensive. Action may be brought in the same suit for both torts, however, so long as the damages are not duplicated.

*Anderson*, supra, 257 Ga. at 714-715 (4) (quoting Restatement of Torts, 2d, § 623A cmt. (g)).

Although the Supreme Court of Georgia discussed § 623A of the Restatement of Torts, 2d, however, it did not adopt this section or related § 626. See *Anderson*, supra, 257 Ga. at 714-715 (4). Significantly, the Supreme Court of Georgia's discussion of trade libel in *Anderson* did not establish such a cause of action under Georgia law. See *Monroe v. Bd. of Regents &c.*, 268 Ga. App. 659, 664-665 (2) (602 SE2d 219) (2004) (explaining that the mere discussion of the potential viability of a never-before recognized cause of action does not suggest that such cause of action exists under Georgia law); see also *Rasnick v. Krishna Hospitality*, 302 Ga. App. 260, 264-265 (1) (690 SE2d 670) (2010) (declining to impose a new, judicially-created duty based on a Restatement section that had not been adopted into Georgia's common law). Since the *Anderson* case was decided more than 20 years ago, no Georgia court has expressly found a cause of action for injurious falsehood or trade libel to exist in Georgia. See *Davita Inc. v. Nephrology Assoc.*, 253 FSupp.2d 1370, 1374-1375 (III) (A) (S.D. Ga. 2003) (noting lack of recognition of trade libel as a cause of action in Georgia since *Anderson* was decided).

Moreover, we discern no necessity to create the tort of trade libel under the circumstances here. In particular, as State Farm suggests on appeal, the tort of trade libel overlaps with several torts already recognized under Georgia law, particularly defamation and tortious interference with business relations. With respect to oral defamation, or slander, such can consist of "[m]aking charges against another in reference to his trade, office, or profession, calculated to injure him therein." (Punctuation omitted.) OCGA § 51-5-4 (a) (3). Compare Restatement (Second) of Torts §§ 623A, 626. In order to recover on a claim of tortious interference with business relations, the plaintiff must establish that the defendant: "(1) acted improperly and without privilege, (2) acted purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) caused the plaintiff financial injury." (Citation and punctuation

omitted.) *ASC Constr. Equip. USA v. City Commercial Real Estate*, 303 Ga. App. 309, 313 (1) (693 SE2d 559) (2010). Therefore, a cause of action for trade libel is subsumed by the recognized tort of interference with business relations. Accord *City Ambulance of Alabama v. Haynes Ambulance*, 431 S2d 537, 539 (Ala. 1983) (holding that torts of unfair competition and disparagement are subsumed by the Alabama tort of interference with business relations, and thus declining to create separate causes of action for those torts); W. Prosser, Law of Torts 917 (4th ed. 1971) ("[I]t seems clear that injurious falsehood should be regarded merely as one form of intentional interference with economic relations[.]") (punctuation and footnote omitted).

Based on the foregoing, we decline to create a separate tort of trade libel under Georgia law. Cf. *United States Fidelity &c. Co. v. Paul Assoc.*, 230 Ga. App. 243, 251-252 (8) (496 SE2d 283) (1998) (declining to adopt § 552B of Restatement of Torts, 2d, because existing statutory and common law adequately addressed issue of damages); *Troncalli v. Jones*, 237 Ga. App. 10, 12-13 (1) (514 SE2d 478) (1999) (holding that, because there was no statutory or case law to support a finding of a cause of action, this Court would not create one for stalking, and noting that there were alternative methods for handling stalking, including raising a claim of invasion of privacy). Accordingly, the trial court erred in denying State Farm's motion to dismiss Hernandez Auto's trade libel claim.[3]

### Case No. A11A0963

2. In Case No. A11A0963, Hernandez Auto cross-appeals from the trial court's grant of State Farm's motion to dismiss the MVARA claim. Hernandez Auto argues that a private cause of action exists under the "anti-steering" provision of the MVARA, OCGA § 33-34-6, because (i) the "default rule" is that a private right is created for the violation of any statutory duty; (ii) the language of the MVARA does not expressly limit enforcement of the said provision to state authorities; and (iii) other provisions of the MVARA have been found to create private causes of action. Hernandez Auto also submits that, as a matter of public policy, a private cause of action should be inferred in order to effect the purpose behind the "anti-steering" provision of OCGA § 33-34-6 to protect an insured's freedom to select a repair facility. We find no merit to Hernandez Auto's claims.

---

[3] Given this conclusion, we need not consider State Farm's alternative arguments on appeal.

OCGA § 33-34-6 provides:

> (a) Subject to the provisions of subsection (b) of this Code section, no insurer shall represent to a person making a claim under a motor vehicle insurance policy that the use of or the failure to use a particular repair facility or particular repair facilities may result in the nonpayment of a claim.
>
> (b) No insurer shall require a person making a claim under a motor vehicle insurance policy to use a particular repair facility or particular repair facilities in order to settle a claim if the person making the claim can obtain the repair work on the motor vehicle at the same cost from another source.

Contrary to Hernandez Auto's contention, "it is well settled that violating statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof." (Footnote omitted.) *Govea v. City of Norcross*, 271 Ga. App. 36, 41 (1) (608 SE2d 677) (2004). Rather, the statutory text must expressly provide a private cause of action. See id.

Significantly, the MVARA does not expressly provide a private right of action for repair facilities. Instead, the General Assembly provided the Insurance Commissioner with the authority to enforce the provisions of Title 33, including OCGA § 33-34-6. See OCGA § 33-2-24; *Cross v. Tokio Marine & Fire Ins. Co.*, 254 Ga. App. 739, 741 (1) (563 SE2d 437) (2002) (holding that OCGA § 33-3-28 (d) did not create a private right of action against an insurer that violates the statute because there was no express right created, and the "failure to comply with the statute comes within the conduct subject to sanctions by the Insurance Commissioner as the exclusive regulatory remedy") (citation omitted).

"[T]he absence of language in OCGA § [33-34-6] creating a private right of action strongly indicates the legislature's intention that no such cause of action be created by said statute." (Citation and punctuation omitted.) *Cross*, supra, 254 Ga. App. at 741 (1). Despite Hernandez Auto's claims otherwise, we know of no authority that would allow us to infer a private cause of action from the public policy the statute appears to promote. Cf. *Anthony v. American Gen. Financial Svcs.*, 287 Ga. 448, 455 (2) (a) (697 SE2d 166) (2010) ("[T]he indication that the legislature meant to impose a [private cause of action] . . . must be found in the provisions of the statute at issue, not extrapolated from the public policy the statute generally appears to advance.") (punctuation omitted). Accordingly, the trial court did not err in granting State Farm's motion to dismiss Hernandez Auto's MVARA claim.

*Judgment reversed in Case No. A11A0962. Judgment affirmed in Case No. A11A0963. Doyle, J., concurs. Ellington, J., concurs in judgment only.*

DECIDED NOVEMBER 21, 2011 —

*Brennan, Harris & Rominger, Mason White, Kyle G. Wallace*, for appellants.

*Savage, Turner, Pinson & Karsman, Robert B. Turner, Stanley Karsman, Christopher D. Britt*, for appellee.

*William V. Custer, Jennifer B. Dempsey, Eric P. Schroeder, Edwin M. Cook*, amici curiae.