[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14697
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00128-CAR


TINA RESTIVO,

Plaintiff-Appellant,

versus

BANK OF AMERICA CORPORATION,
a.k.a. Bank of America NA,
f.k.a. BAC Home Loans Servicing LP,
f.k.a. Countrywide Home Loans Servicing LP,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
a.k.a. MERS, Inc.,
MERS, INC,
PROMMIS SOLUTIONS LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 8, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tina Restivo, proceeding pro se, appeals the district court's order denying her motion to remand this wrongful foreclosure action to state court and granting the defendants' motion to dismiss her complaint for failure to state a claim.[1]

I.

In September 2009, Restivo took out a mortgage loan for approximately $280,000.00 with Brand Mortgage Group, LLC to purchase a house in Monroe, Georgia. She executed a promissory note in favor of Brand and a security deed in favor of Mortgage Electronic Registration Systems, Inc. (MERS). In September 2011, MERS assigned its interest in the security deed to Bank of America, N.A. (BANA).[2] Restivo defaulted on her mortgage payments and, in March 2012, BANA foreclosed on the property.

Restivo filed this action in Georgia state court against Bank of America Corporation (BAC), BANA, MERS (collectively, the banks), and Prommis

---

[1] Restivo's notice of appeal indicates that she also appeals the district court's order denying her Rule 60(b) motion to vacate. But she fails to address that order in her opening brief. We therefore deem the issue abandoned. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").

[2] Copies of these and other real estate documents were in the record before the district court and remain in the record before this Court. Because they are central to Restivo's claims and their authenticity is undisputed, they can be considered alongside the pleadings without converting the defendants' motion to dismiss into a motion for summary judgment. See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

Solutions, LLC (Prommis), a non-banking entity that provides administrative support in foreclosure proceedings. She alleges, among other things, that the assignment of the security deed from MERS to BANA was not valid, that BANA could not lawfully foreclose on the property without also holding the promissory note, and that Prommis "robo-signed" the foreclosure documents.[3] Based on those allegations, Restivo asserts various claims under state law, including wrongful foreclosure and fraud.

The bank defendants removed the action to federal court based on diversity jurisdiction and filed a Rule 12(b)(6) motion to dismiss without Prommis' consent. Restivo filed a motion to remand for lack of subject matter jurisdiction. The district court denied the motion to remand and granted the defendants' motion to dismiss. This is Restivo's appeal.

## II.

We review de novo the district court's denial of a motion to remand for lack of subject matter jurisdiction. City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012). But we review only for clear error any factual determinations necessary to establish jurisdiction. Id.

---

[3] "Robo-signing refers to the practice of signing affidavits and other documents 'so quickly that [the person signing] could not possibly have verified the information in the document under review.'" Peter A. Holland, The One Hundred Billion Dollar Problem in Small Claims Court: Robo-Signing and Lack of Proof in Debt Buyer Cases, 6 J. Bus. & Tech. L. 259, 268 (2011) (quoting Gretchen Morgenson & Andrew Martin, Big Legal Clash on Foreclosure is Taking Shape, N.Y. Times, Oct. 21, 2010, at A1).

3

As the proponents of removal, the banks must prove, by a preponderance of the evidence, the existence of federal jurisdiction. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). This case was removed on the basis of diversity jurisdiction. As such, the bank defendants must show that (1) Restivo does not share state citizenship with any defendant and (2) the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). We find no error in the district court's determination that the amount in controversy requirement is satisfied by the value of the property at issue. See Occidental Chem. Corp. v. Bullard, 995 F.2d 1046, 1047 (11th Cir. 1993) (stating that in actions seeking equitable relief, "the amount in controversy is measured by the value of the object of the litigation") (quotation marks omitted).

Having shown that the amount in controversy is satisfied, the banks must still establish complete diversity. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). That showing is complicated by the presence of Prommis, a company that appears to have its principal place of business in Georgia, Restivo's home state.[4] The banks assert that Prommis' citizenship should be disregarded under the fraudulent joinder doctrine because there is no possibility that Restivo can establish a cause of action against the company. See generally

---

[4]As amended, the bank defendants' notice of removal alleges that Restivo is a citizen of Georgia, Defendant BAC is a citizen of Delaware and North Carolina, Defendant BANA is a citizen of North Carolina, and Defendant MERS is a citizen of Delaware and Virginia. The notice does not identify Prommis' citizenship, but Restivo's complaint alleges that the company's principal place of business is Atlanta, Georgia.

4

Triggs, 154 F.3d at 1287 ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."). The "no cause of action" theory of fraudulent joinder requires the bank defendants to prove that there is "[no] possibility that a state court would find that the complaint states a cause of action against . . . the [non-diverse] defendant[]." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (quotation marks omitted).

The only claim that Restivo attempts to state against Prommis is for "deed fraud" in violation of Georgia Code § 44-2-43. In support of that claim, she alleges that Prommis acted as a "robo-signer" and failed to "fact check and verify the DEED SALE UNDER POWER (Exhibit D) as required by law."

There is no possibility that a state court would find that Restivo has stated a cause of action for deed fraud against Prommis. Section 44-2-43 of the Georgia Code — which provides that certain acts of fraud, forgery, or theft in connection with the registration of title to land constitute a felony — does not provide a private cause of action. See State Farm Mut. Ins. Co. v. Hernandez Auto Painting & Body Works, Inc., 719 S.E.2d 597, 601 (Ga. Ct. App. 2011) ("[I]t is well settled that violating [Georgia] statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof. Rather, the statutory text must expressly provide a private cause of action.") (citation and quotation marks omitted). Also, Restivo does not direct

us to and we cannot find any Georgia statute that gives rise to a private cause of action for robo-signing.

To the extent Restivo bases her claim against Prommis on common law fraud, she is required under Georgia law to allege, among other things, a false representation, the intent to induce her action or inaction, and justifiable reliance. See City Dodge, Inc. v. Gardner, 208 S.E.2d 794, 769 n.1 (Ga. 1974).  She is also required to "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including "facts as to [the] time, place, and substance of the defendant's alleged fraud," United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (quotation marks omitted).  As the district court correctly observed, Restivo has not alleged that Prommis made any false representation at all, intentional or otherwise.  She has also not stated with particularity any circumstances constituting fraud.  See id.

Because there is no possibility that a state court would find that Restivo's complaint states a claim against Prommis, whether under § 44-2-43 or Georgia common law, Prommis was properly dismissed as a party and its citizenship properly disregarded under the doctrine of fraudulent joinder.[5]  See Crowe, 113

---

[5] As a natural corollary to this determination, we note that the district court did not err in rejecting Restivo's argument that the bank defendants' notice of removal was procedurally deficient because Prommis did not consent to it.  A fraudulently joined defendant need not consent to removal.  See Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993); Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

F.3d at 1538.  None of the remaining defendants — the banks — share state citizenship with Restivo.  We are therefore satisfied that there exists subject matter jurisdiction over this matter, and Restivo's motion to remand was rightly denied.

III.

"We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008).  Although we liberally construe pro se pleadings and briefs, it is well settled that a pro se appellant abandons an issue if she fails to offer substantive argument on it in her initial brief.  Id. at 874; see also Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Here, Restivo has abandoned all of her claims by failing to make any comprehensible legal arguments in her initial brief.  We nonetheless offer a few additional observations in support of our conclusion that the district court did not err in dismissing Restivo's complaint for failure to state a claim.  First, even assuming that the assignment of the security deed from MERS to BANA was somehow defective (we have no reason to believe that it was), Restivo was not a

7

party to that assignment and therefore does not have standing to challenge the validity of it under Georgia law.  See, e.g., Montgomery v. Bank of Am., 740 S.E.2d 434, 437–38 (Ga. Ct. App. 2013) (holding that a litigant who was not a party to an assignment contract lacked standing to challenge its validity); Breus v. McGriff, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) (same).[6]  Second, BANA's alleged failure to hold the promissory note is not fatal to its power to foreclose. See You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 429 (Ga. 2013) ("[Georgia] law does not require a party seeking to exercise a power of sale in a deed to secure debt to hold, in addition to the deed, the Prommisory note evidencing the underlying debt.").  Finally, Restivo's claim for wrongful foreclosure fails as a matter of law because she has not alleged payment of the amount due on the loan.  See Ceasar v. Wells Fargo Bank, N.A., 744 S.E.2d 369, 374 (Ga. Ct. App. 2013) (stating that payment or tender of the principal and interest due on the loan is "a prerequisite" to a claim to set aside a foreclosure sale).

**AFFIRMED.**

---

[6] Similarly, Restivo lacks standing to contest the assignment on the grounds that it violated the Real Estate Mortgage Investment Conduit's (REMIC) Pooling and Service Agreement or the sections of the Internal Revenue Code that govern the taxation of a REMIC.  Restivo's complaint makes only passing references to any of those.  At no point does the complaint allege that she was an investor in the REMIC, a party to the agreement, or that she is entitled to bring a private cause of action under the Internal Revenue Code.  Regardless, any challenge to the validity of the assignment is foreclosed by her lack of standing under Georgia law.  See Montgomery, 740 S.E.2d at 437–38.